EDWIN JENNISON vs. JOSEPH WALKER.

Under a grant of a right to lay an aqueduct from a spring on the grantor's land to tne grantee's land, together with the privilege of going on the grantor's land to repair the aqueduct, after one aqueduct has been laid, and afterwards taken up by the grantor, and the easement abandoned for thirty years, the grantee cannot lay a new aqueduct in a new direction over the grantor's land, although the construction of a railroad has made it impossible to lay it in the old place.

ACTION OF TORT for breaking and entering the plaintiff's close in Newton. Answer, a right to enter for the purpose of constructing and maintaining an aqueduct and reservoir for conducting water from a spring thereon to land of the defendant.

At the trial in the court of common pleas, the following facts were proved : In 1800 Phinehas Jennison (under whom the plaintiff claimed) conveyed to Stephen Dana, the owner of land adjoining, (whose title the defendant had,) his heirs and assigns forever, " the right and privilege of laying an aqueduct from the principal spring and springs, fountain or fountains of water in " the close in question ; " likewise the privilege of digging and sinking sufficient reservoirs for the purpose of the aqueduct, and at all times hereafter the privilege of going on the land for the purpose of repairing said aqueduct; reserving to myself, my heirs and assigns, as much water as will be necessary for watering the cattle which shall or may be kept in said pasture."

Before 1816 there was a reservoir at the principal spring on the servient estate, and an aqueduct of cedar logs laid under ground, leading therefrom across the close in question to the defendant's land. After 1818 that aqueduct was not used for any purpose, and between 1818 and 1824 the plaintiff's grantors removed and destroyed portions of these logs, and from 1818 to 1855 the defendant and his grantors made no use of this spring or aqueduct, nor attempt to lay any aqueduct.

In 1855 the defendant entered upon the plaintiff's close, cleared out and walled up the spring, and laid lead pipes therefrom across the plaintiff's land to his own, in a different direc-

tion from the old log aqueduct, the change being necessary in consequence of the construction of a railroad across the line of the former aqueduct, and in order to go through a culvert in the embankment of the railroad.

Upon these facts *Sanger*, J. ruled that the defendant had not shown a defence; the jury found a verdict for the plaintiff for nominal damages, and the defendant alleged exceptions.

*A. B. Underwood*, ( *C. R. Train* with him,) for the defendant. 1. An easement cannot be lost by mere non-user. If in this respect there is any difference between easements acquired by prescription and by grant, it is in favor of the latter. 3 Kent Com. (6th ed.) 441, 442 & note. *Arnold* v. *Stevens*, 24 Pick. 106. *White* v. *Crawford*, 10 Mass. 183. *Williams* v. *Nelson*, 23 Pick. 146. *French* v. *Braintree Manuf. Co.* 23 Pick. 216. *Emerson* v. *Wiley*, 10 Pick. 316. *Moore* v. *Rawson*, 3 B. & C. 332. *Hazard* v. *Robinson*, 3 Mason, 272. A release or abandonment of an easement will only be implied from a permanent change made by the owner of the dominant estate, or allowed by him to be made by the owner of the servient estate. *Dyer* v. *Sanford*, 9 Met. 395. *Regina* v. *Chorley*, 12 Ad. & El. N. R. 518. 3 Cruise Dig. (Greenl. ed.) tit. 31, *c.* 1, § 40, note. There was adverse use in this case to destroy the easement. *Doe* v. *Hilder*, 2 B. & Ald. 791. *Yeakle* v. *Nace*, 2 Whart. 123. *Arnold* v. *Stevens*, 24 Pick. 106. 3 Kent Com. 442.

2. The owner of an easement has a right to change the mode of using it, in any way which does not render it more onerous. Woolrych on Ways, 36. Gale on Easements, (2d ed.) 354, 362, 372. Angell on Watercourses, § 227. *Luttrel's case*, 4 Co. 87 *a*. *Hall* v. *Swift*, 6 Scott, 167. *Saunders* v. *Newman*, 1 B. & Ald. 258. *Hale* v. *Oldroyd*, 14 M. & W. 789. *Chandler* v. *Thompson*, 3 Campb. 80. *Allen* v. *Gomme*, 11 Ad. & El. 775. *Thomas* v. *Thomas*, 2 Cr., M. & R. 40. *Lovell* v. *Smith*, 3 C. B. N. S. 120. *Rogers* v. *Bruce*, 17 Pick. 184. *Elliot* v. *Fitchburg Railroad*, 10 Cush. 191. *Farnum* v. *Platt*, 8 Pick. 339. *Whittier* v. *Cocheco Manuf. Co.* 9 N. H. 454. *Johnson* v. *Rand*, 6 N. H. 22. *Darlington* v. *Painter*, 7 Barr, 473. *Wynkoop* v. *Burger*, 12 Johns. 222. Where the grant of the easement is general and

unlimited, the grantee takes to the utmost extent of the grant, as the grant will always be construed in favor of the grantee. The cases in which changes of easements have been held not to be justifiable have turned upon the limitation of the grant, express or implied. *Miller* v. *Bristol,* 12 Pick. 553. *Taylor* v. *Whitehead,* 2 Doug. 745. *Lovell* v. *Smith, Wynkoop* v. *Burger, Farnum* v. *Platt* and *Emerson* v. *Wiley,* above cited. 3 Kent Com. 424. Angell on Watercourses, § 224. The change in the direction of this aqueduct did not make it more onerous, was not forbidden by the grant, and was rendered necessary by the construction of the railroad.

*G. A. Somerby,* for the plaintiff.

Judgment was entered in August 1860.

Bigelow, J. We can see no sufficient reason for disturbing the verdict in this case.

The evidence at the trial not only proved a non-user of the easement of laying and maintaining an aqueduct through the land now owned by the plaintiff by the owners of the dominant tenement for more than thirty years, but also established a possession and use of the servient estate by the plaintiff and his grantors during the same period, entirely inconsistent with and adverse to the existence of the easement. The right or easement in question having been acquired by grant and not by use, there might have been difficulty in showing a loss or extinguishment of it by proof of a mere omission during twenty years or more to exercise the right by an actual enjoyment of the easement. But the removal by the plaintiff's grantors of the logs which conveyed the water through the land now owned by the plaintiff rendered the enjoyment of the easement impossible. It was an act in its nature essentially adverse. It effectually hindered the exercise of the right and operated to annihilate it. After this removal took place, no means were adopted to renew the enjoyment of the privilege. It was a continuous disturbance for more than thirty years. The non-user of the easement by the owners of the dominant estate united with a use of the servient estate inconsistent with and adverse to the existence of the easement during this period of time. Upon this proof, there

was sufficient to justify the inference that the right originally conveyed, by grant had been released and extinguished by a subsequent non-appearing deed. The doctrine on this subject is fully explained and illustrated in *Arnold* v. *Stevens*, 24 Pick. 111. The defendant did not claim to go to the jury at the trial, and the evidence was in our judgment sufficient to warrant a verdict for the plaintiff.

But the verdict can be well supported upon another ground. It was proved at the trial that the defendant relaid pipes for the conveyance of the water through land of the plaintiff, not in the line or direction in which the logs were originally placed after the deed granting the easement was made, but that he laid them in a different direction, occupying another portion of the land belonging to the plaintiff. But he gained no such right under the grant of the easement. He acquired the right of laying an aqueduct, and the privilege of entering on the land at all times for the purpose of repairing it. There was no grant of a right to construct more than one passage for water, nor to change the direction of the one first constructed at the pleasure of the grantee. Where an easement in land is granted in general terms, without giving definite location and description to it, so that the part of the land over which the right is to be exercised cannot be definitely ascertained, the grantee does not thereby acquire a right to use the servient estate without limitation as to the place or mode in which the easement is to be enjoyed. When the right granted has been once exercised in a fixed and defined course, with the full acquiescence and consent of both parties, it cannot be changed at the pleasure of the grantee. If it be admitted that he has the right originally to select the place in which the easement is to be enjoyed, he cannot afterwards alter it. Convenience and justice both require this limitation on the right; otherwise, it would be open to questions of great doubt and difficulty, and would make the servient estate in great measure subject to the unrestrained control of the owner of the easement. It has therefore been held that the course of a way, when once established, cannot be altered by either party without the consent of the other. Com. Dig

Chimin, D. 5. *Jones* v. *Percival*, 5 Pick. 485. *Wynkoop* v. *Burger*, 12 Johns. 222. This rule rests on the principle that where the terms of a grant are general or indefinite, so that its construction is uncertain and ambiguous, the acts of the parties, contemporaneous with the grant, giving a practical construction to it, shall be deemed to be a just exposition ot the intent of the parties. *Stone* v. *Clark*, 1 Met. 378, & cases cited. If therefore the easement has not been extinguished or lost by non-user and adverse possession, the defendant was clearly guilty of a trespass in digging up the soil of the plaintiff for the purpose of laying pipes in a line different from that occupied by the original aqueduct. *Exceptions overruled.*