ABRAHAM SCHWARTZMAN

*v.*

ANNA M. E. CREVELING.

[Submitted December 8th, 1915.   Decided January 12th, 1916.]

1. On a bill for the specific performance of a contract to sell "the store property owned by me, No. 224 S. Broad St., Trenton, N. J.," evidence of a contemporaneous verbal agreement or understanding between the parties that the land to be conveyed was to include more than the store property and messuage—*Held,* to be inadmissible as varying the terms of the written agreement and contravening the statute of frauds.

2. A written contract for the sale of land cannot be reformed so as to include the terms of a contemporaneous verbal agreement for the purpose of specific performance.

---

On final hearing.

*Mr. John P. Kirkpatrick,* for the complainant.

*Mr. Aaron V. Dawes,* for the defendant.

BACKES, V. C.

The defendant is the owner of a store and premises No. 224 South Broad street, Trenton, fronting on the street eighteen feet and two inches and extending eastwardly one hundred and eighty-one feet two inches to Conover's alley. The store lot is fence enclosed to the depth of one hundred feet and has been occupied by the complainant as tenant for eleven years past, while the remaining and rear portion of the land is enclosed with adjoining properties and together have been used for upwards of fifty years as a livery stable and yard, with entrance on Market street, a cross street three doors south of the defendant's premises. The stables extend from Market street across the defendant's lot and form the fence line. The complainant claims to have purchased from the defendant the whole of her property from Broad street through to Conover's alley, under an agreement as follows:

> "No. 31 Glenwood Avenue,
> "JERSEY CITY, N. J.,
> "May 20th, 1912.
>
> "DEAR MR. SCHWARTZMAN—I hereby agree to sell you the store property, owned by me, No. 224 South Broad St., Trenton, N. J., for $5,000, whenever it is convenient for you to purchase it, during the term of your lease. In case of my death, I direct this agreement to be carried out as stated by me.
>
> "ANNA M. E. CREVELING."

During the term of his lease, the complainant accepted the offer, paid down $100 and received the following acknowledgment:

> "TRENTON, N. J., May 15th, 1913.
>
> "This is to certify that I have to-day received $100 on deposit from A. Schwartzman, pending the sale of property 224 S. Broad St., Trenton, N. J., for $5,000, the balance of $4,900.00 to be paid when the deed is delivered on or before July 1st, 1913.
>
> "ANNA M. E. CREVELING,
> "No. 31 Glenwood Ave.,
> "Jersey City, N. J."

In due time the complainant tendered the balance of the purchase-money and demanded a deed for the entire lot, which the defendant refused to execute because the description included the

rear portion of the lot and embraced more land, as she contends, than she agreed to sell.

The complainant can have a decree to the extent he seeks, only if his right to the property can be found in the above documents. The contract, as reduced to writing, is simple and explicit in terms, and definite as to the subject of sale. By it the defendant agreed to sell "the store property, owned by me, No. 224 South Broad street, Trenton, N. J.," and no more. In the light of admissible extrinsic evidence, no difficulty is experienced in identifying what was sold and in fixing the dimensions. The street number locates the property and the store building and the curtilage of one hundred feet delimit the boundaries. The complainant occupied these premises under three consecutive leases, therein described as a "certain store and dwelling," known by the aforesaid number. The stable lot never formed a part of his demise and the agreement itself, in limiting the period to ·the term of his lease, during which the complainant should have the right to purchase, implies that the leased premises only were involved. The description of the property, as employed by the parties in recording their bargain, coincides· with the description of the store and messuage occupied by the complainant, and is inapplicable to any other lands. The pertinent rule of construction is that which has been frequently applied in construing devises, as for illustration: The devise of "my house, No. 160 Rose street," was held to pass all of the testator's land adjacent to the house that had been used in connection with the house, either for the purposes of a residence or business. *Lanning* v. *Sisters of St. Francis, 35 N. J. Eq. 392.* By a devise "of the house and lot in which.I now reside," it was held that the devisee took only the lot which the testator, prior to the date of his will, had separated from his adjacent lands and enclosed by fences. *Phillipsburgh* v. *Bruch's Executor, 37 N. J. Eq. 482; Crosson* v. *Carr, 70 N. J. Law 393.*

The complainant does not deny the general application of the rule, but contends that it should not be here adopted because at the time of the agreement the defendant represented to him that she was selling all of the land to which she had title, from

Broad street to Conover's alley, and that that was what he understood he was buying. I am inclined to believe him; his evidence is corroborated by an apparently disinterested witness, and although denied by the defendant, hesitatingly, is in a measure sustained by her protest against the complainant building on the rear of the lot because it would interfere with light and air of adjoining owners, and her remark at the time that had she known of his intention to do so she would not have sold him the property. The testimony was admitted at the trial, under objections, but, upon examination, I am persuaded that it is incompetent. Evidence of declarations of the defendant's intention as to what she meant to sell, cannot be entertained without violating a fundamental principle of the law of evidence. "It is sometimes said that this sort of evidence is admitted only when there is a latent ambiguity. The use of the expression 'latent ambiguity,' in this connection, has given rise to some confusion in the cases. The office of such testimony is that of interpretation merely, to ascertain the sense in which words have been used by the testator. Where, in a deed, will or written contract, general words of indefinite signification are used, and there is nothing on the face of the instrument to · qualify them, or limit and apply them to a particular subject-matter, evidence of extrinsic circumstances—matters of fact *as distinguished from mere declarations of intention*—is admissible for the purpose of ascertaining in what sense such indefinite language was used. The effect of such evidence is not to vary the language employed, but merely to explain the sense in which the writer understood it." *Griscom* v. *Evens, 40 N. J. Law 402.* In that case Mr. Justice Depue reviews the cases in this state, and supports the text by numerous authorities. In *Naughton* v. *Elliott, 68 N. J. Eq. 259,* upon a bill for the specific performance of a contract, the question arose as to the quantity of land intended to be conveyed under a description of "my lot corner of Ocean avenue and New street." The defendant introduced a conversation with the complainant tending to show that the complainant knew that the disputed piece of land in the rear of the lot was not included in the bargain, but Vice-

Chancellor Emery rejected it as inadmissible on the ground that it varied the deed.

The admission of the evidence would also violate the statute of frauds, which requires contracts for the sale of land to be evidenced in writing. By the written contract, the defendant sold, as we have seen, the store and curtilage—a lot one hundred feet in depth. By testimony, it is attempted to be shown that she verbally agreed to sell more, viz., the adjoining land of eighty-one feet to Conover's alley. This, obviously, cannot be read into the written memorandum, or be used to supplement it. "The policy of the statute is to exclude testimony of that uncertain character with respect to transactions within its provisions. It, therefore, requires the substantive parts of the contract to appear in the writing. To admit parol evidence of any of the terms of the contract with respect to which the memorandum is silent, would open the door to the very mischief the statute was intended to suppress." *Johnson & Miller* v. *Buck, 35 N. J. Law 338; Schenck* v. *Spring Lake Beach Improvement Co., 47 N. J. Eq. 44; Nibert* v. *Baghurst, 47 N. J. Eq. 201; Bowers* v. *Glucksman, 68 N. J. Law 146.*

The written contract cannot even be reformed so as to include the terms of the verbal agreement for the purpose of specific performance. *Wirtz* v. *Guthrie, 81 N. J. Eq. 271; Vogt* v. *Mullin, 82 N. J. Eq. 452; Davimos* v. *Green, 83 N. J. Eq. 596.*

The complainant, if he so elects, may amend his bill by correcting the description of the land by reducing it to a lot one hundred feet in depth. He may then have a decree, but without costs; and, upon failure to do so within twenty days, the bill will be dismissed, with costs.