Henry M. Heflich was the owner of a tract of land in East Rutherford, of several acres in extent, bounded on the east by Paterson avenue, also known as the Paterson and New York Plank Road, on the south by Hackensack river to its junction with Cedar creek, on the west by Cedar creek and on the north by lands of others. By deed dated June 26th, 1920, he conveyed to defendant Henry Cardel a plot in the southwest corner thereof at the junction of Cedar creek and Hackensack river, having a frontage of thirty-five feet on the river, 275 feet on its westerly line on the creek, and a width of 100 feet on its northerly line. Said plot was surrounded on its northerly and easterly sides by Heflich's retained land and its southerly and westerly sides bounded on the Hackensack river and Cedar creek. It had and has no means of access by land to a public street, except over Heflich's retained land and the nearest public street is Paterson Plank Road which is five or six hundred feet distant in an easterly direction.
By deeds dated September 20th, 1926, Cardel conveyed a portion of his land to defendants Ludwig Steiner and Magdalena, his wife, and another portion to defendant Marie Osterndorff (now Marx) and he continues to own the remainder of the land conveyed to him by Heflich. Heflich's retained lands were conveyed through mesne conveyances to complainant by deed dated August 16th, 1937, and because Cardel and his grantees claim to be entitled to a right-of-way to the *Page 224 
Plank Road over the lands so conveyed to complainant, which claim complainant denies, complainant filed its bill in this cause against them to have its title quieted by decree of this court.
On the property Cardel still owns is a houseboat which he brought to his property by water, hauled up above high water of Cedar creek and in which he and his wife have a permanent residence. The Steiners built a dwelling house on their plot, in which they reside, and on the Marx plot is a bungalow occupied in the summer months by the owner.
The defendants claim an easement or right-of-way over the Heflich tract now owned by complainant, arising through the intent of the parties to the deed from Heflich to Cardel as disclosed by the description contained in that deed, and as necessary because of the situation and location of the lands thereby granted, to the beneficial enjoyment of such land.
At the hearing of the cause complainant introduced in evidence a blueprint, marked Exhibit C-1, of a map showing the original Heflich tract with subsequent plotting thereon of the parcels owned by defendants. It does not show the name of the surveyor who made the original from which the blueprint was taken, and it is evident from the markings thereon that the original was made for the purposes of a previous legal proceeding in which the parties hereto were involved. On that exhibit is shown a strip of land marked "proposed or alleged roadway" forty feet in width and (I estimate) 700 feet long extending from the Plank Road westerly in a straight line to Cedar creek, on the southerly side of which strip the land conveyed to Cardel is shown as abutting. It is over that "proposed roadway" that the defendants claim an easement to a right-of-way to the Plank Road.
The conveyance to Cardel was by a metes-and-bounds description, the second course of which is stated as running "to the southerly line of a proposed roadway forty feet in width leading to the Paterson and New York Plank Road" and the third course is stated to be "along the southerly line of said roadway." The description in the deed to Cardel ties up with the proposed roadway shown onExhibit C-1. The defendants introduced in evidence a blueprint, marked *Page 225 Exhibit D-2, of a map identical in its main outlines withExhibit C-1. It bears the inscription "Map of property belonging to Henry M. Heflich * * * Feb. 25th, 1913, Sebastian Maulbeck, Civil Engineer and Surveyor. Supplementary survey made June 2d 1917, and Dec. 19th, 1917." Exhibit D-2 shows that on the map from which it was taken, was located a strip of land which scales forty feet in width and about 500 feet in length extending westerly from the Plank Road in a straight line toward Cedar creek and terminating about seventy-five feet east of the land conveyed by Heflich to Cardel. The lines of that strip coincide with the lines of the proposed roadway shown on ExhibitC-1 and if extended to Cedar creek, the land conveyed to Cardel would abut on the southerly line thereof. Cardel testified thatD-2 is a map given him by Heflich at the time he purchased his land from Heflich and that it has been in his possession ever since. I believe that all lines shown on C-1 (other than the defendant's property lines) were copied from the map made by Maulbeck, or are based on data used in the preparation of that map and that C-1 corroborates the existence of a map of whichD-2 is a blueprint, which showed a right-of-way which was to appertain to the lands conveyed by Heflich to Cardel. Cardel was permitted to testify further, over objection, to conversations with Heflich with reference to a right-of-way over the proposed roadway shown on D-2, but I am of the opinion that such testimony was incompetent and was improperly admitted (Schwartzman v. Creveling, 85 N.J. Eq. 402) and in any event it is not binding on complainant. I disregard it.
At or about the time of the conveyance to Cardel, the "proposed roadway" was filled in for a distance of 200 feet west of the Plank Road, and in 1926 Cardel laid in the roadway, from a point at or near the Plank Road, a pipe line for a water supply to his habitation. The proposed roadway has not been used for purposes of travel except as Cardel uses it for the inspection of and repair to his pipe line, because the westerly end of it, while passable at certain seasons of the year, is at times flowed by tide water from Cedar creek. At the time of the conveyance to Cardel, he assumed a right of *Page 226 
access to his property over what he calls a "temporary roadway" leading from the Plank Road parallel with and not far distant from the Hackensack river, which from that time he and his grantees (from the time of his conveyance to them) have used to the present time. The defendants do not claim and have not acquired the right by prescription to the continued use of the "temporary roadway" as a right-of-way; their claim is to the use of the "proposed roadway" as a way of passage between the Plank Road and their lands, and such claim is based on an implied grant as appears by the description in the deed from Heflich to Cardel and by necessity for such use.
Heflich having conveyed to Cardel a tract wholly surrounded on the land side by the grantor's retained land, a right-of-way was created by implication of law in Cardel over such retained land to the nearest public highway, because the way was a necessary incident to the grant for the beneficial use of the conveyed land. Camp v. Whitman, 51 N.J. Eq. 467; Higbee Fishing Club
v. Atlantic City Electric Co., 78 N.J. Eq. 434. Prior to that conveyance Heflich had caused the Maulbeck map to be made on which was traced a forty foot strip which, if extended a short distance to the lands conveyed to Cardel, would provide the necessary means of access to the Plank Road, and the fact that Heflich caused such strip to be shown on the map indicates that he contemplated devoting the strip to highway purposes, either public or private. The further fact that he gave a copy of the map to Cardel before Cardel took title, and subsequently executed to Cardel a deed in which he described the conveyed land as bounding on such proposed street, is evidence that it was Heflich's intention to extend the strip at least to Cardel's land and that the parties intended that the entire strip would provide the necessary right-of-way which should be appurtenant to the conveyed land. Thus an easement of a private right-of-way was created by implied grant in Cardel to the use of the strip as the means of access between his lands and the Plank Road. Booraem
v. North Hudson County Railway Co., 40 N.J. Eq. 557; Dodge v.Pennsylvania Railroad Co., 43 N.J. Eq. 351, 357; affirmed,45 N.J. Eq. 366. *Page 227 
The deeds from Cardel to defendants Steiner and Marx expressly refer to the "proposed roadway" and the easement therein acquired by Cardel passed to his grantees, to be enjoyed by him and them in common. Diocese of Trenton v. Toman, 74 N.J. Eq. 702.
Subsequent conveyance of Heflich's retained land through several grantees until the title thereto became vested in complainant, did not operate to extinguish the defendants' rights, because complainant was not an innocent purchaser without notice. Examination of the record title through which complainant acquired the retained land, would have disclosed the conveyance by Heflich to Cardel and the reference therein to the "proposed roadway;" in fact the "proposed roadway" is mentioned in the description contained in the deed to complainant. Also, inspection by complainant of the land conveyed to it would have disclosed the defendants' occupancy of a tract of land surrounded by the land conveyed to complainant, with no land outlet therefrom other than the "temporary roadway" parallel with the Hackensack river, the right to the use of which "temporary roadway" complainant denied and attempted to bar by placing a chain across it. Thus complainant was put on notice to ascertain the legal extent of the defendants' rights. Higbee Fishing Club
v. Atlantic City Electric Co., supra.
There should be a decree that defendants have an easement in or right-of-way over the lands of complainant lying within the "proposed roadway" extending from Paterson Plank Road westerly to a point in the lands conveyed to Cardel, from which lands access may be had to said strip. Because of the swampy state of the ground over which part of the way extends, the way may not be passable at all times for its entire distance, but it is the way for which Cardel bargained with full knowledge of the physical condition of the land over which it extended. *Page 228