This suit is brought to restrain threatened interference with water rights granted to complainant Katherine Tait under a deed executed and recorded in 1929 by her father, Charles R. Lamb, conveying to her part of the premises occupied by him. They were remote from any water supply other than the private system of the grantor, and the deed accordingly granted to the daughter the right "To obtain water from the existing water pipes on the land of the said Charles R. Lamb adjoining that hereby conveyed by running pipes across said adjoining land and connecting them with such existing pipes, or direct from the reservoir itself." Pursuant *Page 494 
to the deed, complainants laid pipes connecting with those running from a reservoir then used as the source of supply. Two years later, Lamb, with the knowledge and acquiescence of complainants, discontinued the use of the reservoir, substituting a well which he dug. By like arrangement, and in recognition of their rights, he permitted complainants to connect their pipes with his pipes now running to the well, and these they have used ever since. Defendant, which acquired the Lamb property by foreclosure of a mortgage executed in 1935, threatens to disconnect complainants' pipes.
It is contended by defendant, though conceding that it is bound by the easement created by the deed of 1929, this easement does not extend to a water supply from the well, having been terminated by the change in source of supply; and that any rights enjoyed since by complainants have been under a new oral easement, which is not binding upon defendant. In my opinion this contention is unsound, since it places too narrow a construction on the deed and does not take into consideration the facts and circumstances involved.
From these it seems clear, and it is sufficiently expressed in the deed, that the purpose and intent of the grant was to furnish the dominant tenement with water from the servient's water system, and accordingly to have the use of the source enjoyed by the servient. Otherwise Lamb could at any time have cut off the supply arbitrarily by changing his source of supply. In practice, the parties to the deed gave a construction to it, recognizing the continuing right of the dominant tenement, by substituting the well for the reservoir as a source, and continuing to tap Lamb's pipe line. This was all done before the execution of the mortgage under which defendant claims, and of course it could acquire no greater rights than Lamb had.
Defendant took the mortgage with constructive notice that complainants had water rights under the recorded deed, and inquiry would have disclosed how it was being exercised. In my opinion, at the time of the execution of the mortgage, Lamb would have been estopped from interfering with complainants' *Page 495 
right to obtain water from the pipes connected with the well, since he by his own act had cut off the reservoir supply, and this estoppel extends to defendant. He, of course, never questioned the validity of the easement.
The authorities support the contentions of the complainants. InMan v. Vockroth, 94 N.J. Eq. 511, it was held that construction of a deed must be in light of accompanying circumstances. In Sked v. Pennington Spring Water Co., 72 N.J. Eq. 599,
it was held that the contemporaneous acts of the parties giving a practical construction is to be taken as a manifestation of the intention of the parties. This case is cited by defendant for the proposition that the holder of the dominant tenement cannot enlarge or change the scope of an easement. But the case only goes so far as to hold that the grantee at his sole pleasure cannot enlarge or change an easement. It has no bearing on a situation like the present where both parties recognized the continuance of it. As to the duty of inquiry with notice of an easement, the cases of Larsen v. Peterson, 53 N.J. Eq. 88;Dahm v. Cardel, 128 N.J. Eq. 222, and Toothe v. Bryce,50 N.J. Eq. 589, are dispositive. In Pursel v. Polster, 115 N.J. Eq. 22,
it was held that continued acquiescence in the use of a spring brought about an estoppel.
Complainants did not lose their rights by reason of the foreclosure, although they were parties to it for reasons not involved here, since there was then an express disclaimer by the mortgagee that rights under the deed were affected, and the sheriff's deed in foreclosure was expressly made subject to water rights of record.
A decree granting an injunction as prayed in the bill will be advised. *Page 496