135 N.J. Super. 481 (1975)
343 A.2d 767
OSWALD A. KRAUSE, DOROTHY M. KRAUSE, TIMOTHY TARDELL AND BARBARA TARDELL, PLAINTIFFS-APPELLANTS,
v.
WALLACE D. TAYLOR AND BARBARA TAYLOR, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1975.
Decided July 11, 1975.
*482 Before Judges MICHELS, MORGAN and MILMED.
Mr. Alfred A. Siss, Jr. argued the cause for appellants.
Mr. Eugene G. Liss argued the cause for respondents (Messrs. Liss & Meisenbacher, attorneys; Mr. Raymond Meisenbacher, on the brief).
PER CURIAM.
Plaintiffs-appellants Oswald A. and Dorothy M. Krause (hereinafter Krauses), purchased certain property in the Borough of West Paterson, County of Passaic, from David A. and Mae F. Taylor, his wife, by deed dated *483 January 9, 1947. Defendants Wallace D. and Barbara Taylor are the grantors' successors in title and, for convenience, both the grantors and their successors will be referred to herein as the "Taylors". The property purchased by the Krauses, adjacent to land retained by the Taylors, was landlocked and the only access to a public road was afforded by use of an easement across the Taylors' property, known as Taylor's Way.
Prior to its purchase in 1947 the Krauses had leased the property in question from the Taylors for use as a nursery, and then, too, ingress and egress to the leased land was by means of Taylor's Way. The 1947 deed reflecting Krauses' purchase of the land in question sought to preserve this access by incorporating therein the following provision:
The parties of the second part, their heirs or assigns are hereby given the right of privilege of egress or ingress in, over and upon a certain private roadway running from New Street, which is also called Rifle Camp Road, through the property of the parties of the first part and adjacent to the property described in the within deed.
Following purchase, the land continued to be used as a nursery but to an increasingly limited extent. Krauses' intention to ultimately make use of the land as a homesite was known to the Taylors, and several years later the Krauses purchased a small adjacent parcel of property upon which they did build a home. Access to this home continued over Taylor's Way.
By deed dated August 13, 1973 the Krauses conveyed a portion of the land they had purchased from the Taylors to plaintiffs Timothy and Barbara Tardell (hereinafter Tardells). The Tardell deed included a grant of the right to use the easement which the Krauses received from the Taylors. After obtaining title the Tardells began construction of a home on their newly purchased property, and construction was substantially underway when the Taylors blocked the easement so as to preclude vehicles associated with construction of the house from having access to the Tardell property. *484 Although the blockades were removed soon after institution of the present suit, the judgment being appealed from permits the Taylors to prohibit the Tardells and other assignees of the Krauses from using this easement. The Krauses and Tardells appeal.
In this action plaintiffs sought to obtain an order requiring the Taylors to remove any and all barricades or obstructions preventing use of the easement, permanently retraining the Taylors from obstructing the easement and declaring the rights of the parties as to the extent to which they were entitled to use of the easement. The trial judge denied the relief sought (except that he did require that the Krauses be permitted to continue use of the easement[1]) on the following basis:
This Court is of the opinion that the subdivision of the property to Mr. Tardell, and the expected use by Mr. Tardell and his family, with the accompanying traffic that would be used on it, was not contemplated by the parties at the time the easement was granted and, could not be and, in this Court's opinion, is not a reasonable exercise of the use of the easement, and I find it an unreasonable use and an enlargement of the easement across Taylor's Lane.
An easement is an interest in the land of another affording a right to use the other's land. 2 Thompson on Real Property, § 319 at 33 (1961); Leasehold Estates, Inc. v. Fulbro Holding Co., 47 N.J. Super. 534, 551 (App. Div. 1957), certif. granted 25 N.J. 538 (1958). The easement in question was created by express grant in the 1947 deed from the Taylors to the Krauses, although, in the absence thereof, its existence would have been generated by reason of necessity. 2 Thompson, op. cit., § 362 at 410-411[2]; William Dahm Realty Corp. v. Cardel, 128 N.J. Eq. 222, 227 *485 (Ch. 1940). Of significance to the present case is the distinction between general grants of easements of way and limited grants in which a limitation is imposed with respect to the authorized purposes for which the granted easement may be used. 2 Thompson, op. cit., § 386 at 556 et seq. Where the express grant contains a limitation of the use to or purpose for which a way is to be put, it will be enforced despite the fact that it may become necessary or convenient to use it for purposes other than those authorized. Leasehold Estates, Inc., supra, 47 N.J. Super. at 551; Man v. Vockroth, 94 N.J. Eq. 511 (E. & A. 1923). But "where no limitation is placed on the extent of the use of an easement of way, it is available as a general way for all purposes to which the dominant tract might be devoted." Leasehold Estates, Inc., supra.
The easement granted the Krauses by the 1947 deed is, in one respect, limited in that the right of ingress and egress is confined to "a certain private roadway running from New Street * * * through the property" of the Taylors. By this limitation the Krauses are forbidden to use other portions of the Taylors' property for purposes of access to their land. In all other respects, however, the grant of easement is unlimited in nature. The easement is appurtenant to the dominant estate, not to any portion thereof, and nothing appearing in the grant limits the purposes to which the dominant estate could be put as affecting or restricting the granted right of user for access purposes. Compare the more restricted grants of easements construed in Leasehold Estates, Inc., supra, 47 N.J. Super. at 554; Man v. Vockroth, supra, 94 N.J. Eq. at 512.
Except as limited by the terms of its creation or transfer and subject to an exception to be hereinafter discussed, a subsequent owner of a part of the dominant estate to which a right of way is appurtenant has the right to use such right of way to his particular part of the land, even though his subdivided parcel does not abut upon such *486 way. Boylan v. Loy Corp., 128 N.J. Eq. 460, 464 (Ch. 1941), aff'd 130 N.J. Eq. 203 (E. & A. 1941); William Dahm Realty Corp. v. Cardel, supra; Diocese of Trenton v. Toman, 74 N.J. Eq. 702 (Ch. 1908); Cushman Virginia Corp. v. Barnes, 204 Va. 245, 129 S.E.2d 633 (Sup. Ct. App. 1963); Cox v. Glenbrook Co., 78 Nev. 254, 371 P.2d 647 (Sup. Ct. 1962) (easement by prescription); Crawford Realty Company v. Ostrow, 89 R.I. 12, 150 A.2d 5, 9 (Sup. Ct. 1959); Crimmins v. Gould, 149 Cal. App.2d 383, 308 P.2d 786 (D. Ct. App. 1957) (appurtenant to certain subdivided lots but not to others). Cf. Camp Clearwater, Inc. v. Plock, 52 N.J. Super. 583, 594-595 (Ch. Div. 1958), aff'd 59 N.J. Super. 1 (App. Div. 1959); Fidelity Union Trust Co. v. Cochrane, 116 N.J. Eq. 190, 193 (Ch. 1934).
The Restatement, Property, § 488 states:
Except as limited by the terms of its transfer, or by the manner or terms of the creation of the easement appurtenant, those who succeed to the possession of each of the parts into which a dominant tenement may be subdivided thereby succeed to the privileges of use of the servient tenement authorized by the easement.
The Restatement, in § 488(b), goes on to explain:
The burden upon a servient tenement frequently will not be greatly increased by permitting an easement appurtenant to attach to each of the parts into which the dominant tenement may be subdivided. Though some increase in burden may result from the fact that the number of users is increased by the subdivision, the extent of the use is still measured by the needs of the land which constituted the dominant tenement. Moreover, dominant tenements are ordinarily divisible and their division is so common that it is assumed that the possibility of their division is contemplated in their creation. Hence, unless forbidden by the manner or terms of its creation, the benefit of an easement appurtenant accrues upon a subdivision of a dominant tenement to the benefit of each of the parts into which it is subdivided.
Some cases have recognized circumstances, frequently by way of dictum, involving enormous additional burdens on *487 the servient estate resulting from subdividing the dominant estate or from a change in nature of use beyond which the above stated rule will not be applied. See Camp Clearwater v. Plock, supra, wherein, in dictum, the court observed that severance of the tract "into many parcels and to many owners" would not carry the easements (to use the lake for fishing, boating and swimming) to each of them. See also, Fidelity Union Trust Co. v. Cochrane, supra. In this case, however, no such exaggerated increase in burden is involved, and we have no occasion to decide whether such an exception to the general rule will be recognized in New Jersey. The proofs taken below clearly demonstrate that at the time the easement was created the dominant estate was being devoted to a commercial use, a nursery, and that trucks presumably carrying nursery stock and equipment to and from the subject premises used the right of way. Over the years the use to which the dominant estate has been put has changed from a commercial to a residential, single-family use of modest proportions, certainly not the kind of change sufficient to consider possible application of this exception.
Accordingly, we hold that the Tardells are entitled to use Taylor's Way as a means of ingress to and egress from their property, but cannot utilize the easement for utility purposes falling outside the scope of the original easement grant.
Reversed.
NOTES
[1] No cross-appeal has been taken from this part of the judgment.
[2] "* * * the law imposes a right-of-way by necessity across a portion of a tract which when severed from another portion cuts off access to the back tract."