## ABBY McMAHON

*v.*

## ABRAM L. SCHOONMAKER, administrator of Jacob Brinkerhoff, deceased.

1. A *bona fide* mortgage, given by a devisee upon lands devised to him, and executed before suit brought against such devisee upon the debt of the testator, is an alienation *pro tanto* of the lands, and will take precedence over a judgment recovered against the devisee upon the debt of the testator.

2. Notwithstanding the reversal, in part, by the court of errors and appeals, of the judgment of the supreme court, reported in *Den v. Jaques, 5 Halst. 259*, the law of this state has ever since been in accord with the declaration of the supreme court in that case with regard to the effect of such a mortgage.

Heard on bill, answer and proofs.

*Mr. Addison Ely*, for the complainant.

*Messrs. Campbell & De Baun*, for the defendant.

PITNEY, V. C.

This is a bill to quiet title.

The complainant's title is based upon a sheriff's sale and deed, under a judgment recovered against the devisees of James J. Brinkerhoff, deceased, founded upon a bond executed by James J. Brinkerhoff in his lifetime. The defendant claims a mort-

gage lien upon an undivided share of the premises by virtue of a conveyance, by way of mortgage, executed prior to the commencement of the action resulting in the judgment, by George A. Brinkerhoff, who was one of the sons of Jacob Brinkerhoff, who was a son of James J. Brinkerhoff, the testator, and was named as a devisee in his will, and who died in the lifetime of his father, the testator, whereby George A. Brinkerhoff became entitled, under the twentieth section of the Wills act, to a share of that portion of the real estate of the testator which Jacob Brinkerhoff would have taken by devise if he had survived the testator.

The sole and only question in the case is as to whether the mortgage from George A. Brinkerhoff to the defendant, Schoonmaker, was such an alienation of the premises as to give it precedence over the judgment against the devisees based upon the debt of the testator.

The second section of the statute concerning heirs and devisees declares that where judgment is obtained against an heir-at-law on account of the debt of his ancestor, by reason of any lands descending to him, execution shall be taken out against the heir to the value of the lands, but the lands, tenements and hereditaments which were *bona fide* aliened before action brought, shall not be liable to such execution. And the fourth section declares that the devisee or devisees shall be liable and chargeable in the same manner as the heir-at-law.

The supreme court, in *Den* v. *Jaques, 5 Halst. 308,* held that a mortgage made in good faith by an heir-at-law was an alienation within the meaning of the statute in question, but the court of errors and appeals reversed that judgment in part, and I have been furnished with a copy of the minutes of that court in that case.

There were three undivided one-ninth parts of the inheritance involved in that case. The defendant claimed title to these three ninth parts by virtue of a mortgage made by John D. Jaques, one of the heirs, to himself. Previous to giving this mortgage John D. Jaques had purchased from two of his brothers, to wit, Thomas F. R. Jaques and Samuel Jaques, the

two several equal undivided one-ninth parts which they, Thomas and Samuel, had inherited from their ancestor. The other one-ninth part he, John D. Jaques, had himself inherited. So that the title of the defendant, Moses Jaques, as to two of the equal one-ninth parts was derived by absolute conveyance from the heirs-at-law, and, as to the other one-ninth part, it depended upon a mortgage merely.

The judgment of the court of errors and appeals is in these words: "And this court is of opinion that the one-ninth of the premises in question mentioned in the special verdict as conveyed by Thomas F. R. Jaques to John D. Jaques, and the one-ninth conveyed by Samuel Jaques to John D. Jaques were *bona fide* aliened before the actions were brought against the heirs of John C. Jaques on which the deed of the lessor of the plaintiff was founded, and that the judgment of the said supreme court, as it respected the said two-ninths, was correct, and that the title to the undivided ninth part of the premises in question, which descended from the said John C. Jaques to the said John D. Jaques, and to which Moses Jaques claims right, is in Zophar Hetfield the lessor of the plaintiff, and that as to that part the judgment of the said supreme court was erroneous."

The interpretation which, in the absence of any opinion, I feel constrained to put upon this judgment, is that the court of errors and appeals were of opinion and held that a mortgage was not an alienation. And such has ever since been the accepted view of the decision by bench and bar, so far as I have been able to learn.

The only question, then, is whether or not this construction, put upon the word "*aliened*" in the act in question, has since been accepted and acted upon as the law in the state of New Jersey. I feel justified in saying that this is the question because it is part of the judicial history of this state that many of the decisions of the old court of errors and appeals, when it was constituted, mainly, if not entirely, of laymen, and which were not accompanied by any written opinion, have not been accepted as the law of the state.

It cannot be contended that the word "aliened" is used in the

statute in question in any peculiar sense, not applicable to its use in other connections. And it is not easy to see upon what ground the court should have held that a mortgage was not an alienation within the meaning of the word in the statute in question, but was still an alienation for other purposes and in other connections.

Now, I fail to find anywhere in the reported decisions of this state that the courts have at any time held that a deed of conveyance by way of mortgage was not an alienation, and I am not aware that any such sentiment prevails or has ever prevailed with the bar. On the contrary, the law as laid down by the chief justice in *Den* v. *Jaques* in the supreme court has ever since been the accepted law of this state. It is true that it has been held here that until there is default in the payment of the money secured by the mortgage an action of ejectment will not lie upon it, but after such default ejectment will lie, and it has been held that a person in possession under a mortgage which was not paid at maturity, but upon which a tender was made of the amount due, with interest, after maturity, could defend·upon a mortgage, and that the tender did not revest the title. *Shields* v. *Lozear, 5 Vr. 496.* And a person who has title by sale under foreclosure proceedings, based upon a mortgage, has been held to be a *bona fide* purchaser from the date of the mortgage, and not from the date of his deed alone.

In the case in hand there was no dispute but that the mortgage was given in good faith, to secure money loaned before suit was commenced, resulting in the judgment under which the complainant claims title.

A question was raised at the argument upon the form and effect of the deed under which the defendant claims in this case. Its language is somewhat peculiar. It is a deed *inter partes* between George A. Brinkerhoff and the defendant, Schoonmaker, and it witnesses that Brinkerhoff " hath granted, bargained, sold, assigned and set over and hereby doth grant, bargain, sell, assign and set over " unto said Schoonmaker, without using the word " heirs," " all his right, title and interest which he hath in and to all the lands, tenements, hereditaments and personal es-

tates of his grandfather James J. Brinkerhoff and his father Jacob Brinkerhoff, both late deceased, whatever and wheresoever the same be," "to have and to hold to the said Abram L. Schoonmaker, administrator &c., his heirs, executors, administrators and assigns forever." Then follows the usual proviso that the conveyance is made upon the condition that if the said Brinkerhoff shall pay the sum of $500, according to the terms of a promissory note of that amount &c., then the indenture should be void; and then follows the further declaration that the deed is made for the purpose of securing the payment of said sum of $500, with interest, and for no other purpose.

It seems to me that the words of conveyance in this mortgage are complete—"granted, bargained and sold"—and are sufficient to alien and convey the estate.

I shall advise a decree that the defendant is entitled to a lien upon the undivided share in question for the amount of his mortgage, with interest.