Complainant seeks to foreclose a mortgage on property situate at the southwest line of Atlantic and Indiana avenues, Atlantic City. Defendant Doughty is the mortgagor and the present owner of the mortgaged premises, as well as a lot of land adjoining it southwardly thereof. Doughty also created a mortgage on this adjoining property in favor of defendant Mann Co. Complainant's mortgage bears date April 4th, 1936, and that of Mann Co., October 18th, 1935.
The bill alleges that at sometime prior to the execution of either of the aforesaid mortgages, Doughty erected an outside stairway connected with the building on the southerly end of the lot described in complainant's mortgage, and that this stairway is located partly on the premises described in the Mann Co. mortgage and is used and usable by tenants occupying apartments erected on the land mortgaged to the complainant, and that the stairway and approach thereto are and were at all times reasonably necessary to the beneficial enjoyment of the property covered by complainant's mortgage, and further avers that "said stairway and approach thereto from the westerly side of Indiana avenue constitute a continuous and apparent easement and appurtenance for the benefit of the mortgaged premises," (complainant's mortgage) and that the premises to the south, covered by the Mann Co. mortgage "are subject to the burden of said easement and appurtenances for the benefit of the" land covered by complainant's mortgage, so that any interest which Mann Co. may have in their portion of the land (occupied by the stairway and approach), covered by its mortgage, is subject to the lien of complainant's mortgage.
Complainant does not ask for specific relief for the establishment of the alleged easement, but if defendant answers denying the existence thereof that issue will have to be determined.
Mann Co. moved to strike the complaint and by so doing admitted the properly pleaded averments of the bill, but even so, the question still remains whether this court may take cognizance of the issue tendered by the complaint. Defendant argues that the motion to strike should prevail because the bill of complaint, having been filed for the foreclosure of a *Page 264 
mortgage, any effort on the part of the complainant to also have established in that proceeding an easement as against the defendant Mann Co. is abortive.
Defendant's position on the motion to strike is that it admits the existence of the alleged easement. This being so, the motion must be denied unless, even so, complainant is not entitled to so assert against the defendant in its bill to foreclose against the mortgagor.
Complainant is required to bring in all parties whose rights will be affected by the decree. It must foreclose all equity of redemption of the mortgagor. If the alleged easement exists in favor of the mortgaged premises, complainant must foreclose the equity of redemption in that easement appurtenant to the mortgaged premises. It cannot do so without asserting the existence of the easement and making the owner of the servient tenement a party thereto. If the existence of the easement is asserted and the owner of the servient tenement denies the averment an issue is raised which must be settled in a proper tribunal before complainant may be said to have foreclosed the entire equity of redemption of the mortgagor. But even so, if consideration of the averments as to the existence of the alleged easement discloses that under well settled principles of law the easement does not exist, the bill should be struck as to the defendant against whom the averment is made.
Defendant says that it appears from the bill that legal title to both parcels of ground is in Doughty, the mortgagor in both instances, and that "no easement can exist because one cannot hold an easement in his own land," (2) that complainant seeks to establish an easement which is a strictly legal right not cognizable in equity. Under both points many cases are cited and the court agrees with these general propositions of law, but as to whether their application justifies an order to strike is the question for determination.
The question as to whether or not, under the facts stated by complainant, an easement was created, as contended for by it, is a mixed question of fact and law, of fact as to whether the stairway, as constructed, constituted an apparent continuous easement and of law as to whether Doughty, being the owner of both premises at the time the stairway was *Page 265 
erected, could have and did create an easement therein in favor of the complainant, i.e., whether the giving of the mortgage by Doughty to the complainant constituted such a severance of title or ownership as to create an easement, or in other words, did the mortgage constitute a conveyance or alienation in effect separating the title?
Of course, strictly speaking, a man cannot subject one part of his property to another by an easement, on the theory that he cannot have an easement in his own land, but if he makes one part of it servient to another by an alteration which is obvious and permanent or apparent and continuous and then conveys one of the parcels, his grantee takes such part benefited or burdened by the easement which the alteration created. It matters not whether, in referring to the severance, we use the verb "convey" or "alien" — they are synonymous. The question is, is a mortgage given by such an owner an alienation or conveyance which vests the mortgagee with the advantage or disadvantage of the easement, either before or after default by the mortgagor? That it is such a conveyance or severance of title after default, at least, may be said to be indicated by the holding that upon breach of condition, the mortgagee's estate has all the incidents of a common law title (Woodside v. Adams, 40 N.J. Law 417, and cases therein cited), and by the further holding that "a person who has title by sale under foreclosure proceedings, based upon a mortgage, has been held to be a bona fide purchaser from the date of the mortgage, and not from the date of his deed alone." McMahon v.Schoonmaker, 51 N.J. Eq. 95 (at p. 97); 25 Atl. Rep. 946, in which case, arising under the Heirs and Devisees act, the court (at p. 97), further said:
"It cannot be contended that the word `aliened' is used in the statute in question in any peculiar sense, not applicable to its use in other connections. And it is not easy to see upon what ground the court should have held that a mortgage was not an alienation within the meaning of the word in the statute in question, but was still an alienation for other purposes and in other connections. Now I fail to find anywhere in the reported decisions of this state that the courts have at any time held that a deed of conveyance by way of mortgage was not an alienation, and I am not aware that any such *Page 266 
sentiment prevails or has ever prevailed with the bar. On the contrary, the law as laid down by the Chief-Justice in Den v.Jaques, in the supreme court has ever since been the accepted law of this state. It is true that it has been held here that until there is default in the payment of the money secured by the mortgage an action of ejectment will not lie upon it, but after such default ejectment will lie, and it has been held that a person in possession under a mortgage which was not paid at maturity, but upon which a tender was made of the amount due, with interest, after maturity, could defend upon a mortgage, and that the tender did not revest the title. Shields v. Lozear, 5Vr. 496."
Outside of New Jersey the holding has been that the mortgagee is entitled to the easement, Carrigg v. Mechanics SavingsBank (Supreme Court of Iowa, 1907), 111 N.W. Rep. 329, wherein the owner of three lots and a seven-foot strip adjoining one of the lots erected a building upon the property in such manner that the north wall of the building extended upon and over the strip. A mortgage was put on the lots, not including in the description the seven-foot strip. It was held that the mortgagee on foreclosure took title to the lots with all the easements and appurtenances, including the right to have the north wall remain where it was, together with all other rights necessary to the enjoyment of the building. The court said:
"When the building was erected Carrigg owned all the ground upon which it was placed, both the lots and the strip in dispute. So far as he was concerned, it was immaterial whether it ran upon the seven-foot strip or not. That question only became important when he sold, conveyed or mortgaged the lots and strip independent of each other."
After extensive review of the authorities, the court goes on: "Without further quoting from the authorities, we think that the defendant by its foreclosure proceedings took title to lots 1, 2 and 3 with all the easements and appurtenances thereto belonging which included the right to have the north wall of the building remain where it is, as well as all other rights necessary to the enjoyment of the building as it was erected by Carrigg." *Page 267 
In John Hancock Mutual Life Insurance Co. v. Patterson
(Supreme Court of Indiana, 1885), 2 N.E. Rep. 188, one Patterson owned lots known as 2, 3 and 4 and five feet off the north side of lot 5 in a certain subdivision in Indianapolis. The lots and the five-foot strip comprised one contiguous tract in which were erected three houses known as 293, 297 and 301 California street. He mortgaged the property to the insurance company, omitting from the description, however, the five-foot strip. The mortgage was foreclosed, following which it was found that the house No. 293 rested upon some part of the five-foot strip, which was not embraced in the description as written in the mortgage, and that some of the appurtenances to the house were also on this strip. There was no attempt at any time to reform the mortgage, nor any claim that it should be reformed. There was no finding that Patterson was guilty of any fraudulent representation or concealment. About the time the foreclosure proceedings were commenced, Patterson conveyed the five-foot strip and this suit was brought by his grantee to quiet title to the strip. The court reviewed the authorities at length and said:
"Within the foregoing principles, and upon the authority of the adjudication cited, it seems clear that, so far as the house on lot 4 projected over and rested on the strip of ground in dispute, the grant of an easement to continue such use would be implied. Assuming that both parties knew the exact boundaries, it could not have been within the intendment of either that the house should be moved, or a portion of the wall or overhanging parts shorn off."
In view of the fact that there is no direct ruling by the courts of New Jersey, I cannot see that the motion to strike should prevail but, on the other hand, must hold to the contrary, and simply indicate that on the filing of defendant's answer disputing the existence of the alleged easement, that the course to be pursued will probably be the withholding of the bill until the issue has been determined at law.
The defendants rely on Hazeldine v. McVey, 67 N.J. Eq. 275
(at p. 276); 63 Atl. Rep. 165, wherein Vice-Chancellor Stevens said:
"It seems to me that the question thus raised is a purely *Page 268 
legal one. The bill is filed merely to foreclose the equity of redemption. The purchaser at the foreclosure sale will take the same title that the mortgagee would have taken in a strict foreclosure. Gen. Stat. p. 385 § 72. This title will be that which the mortgagor gave to the mortgagee, stripped of all equity of redemption and modified only in so far as the mortgagee or his assigns by subsequent conveyances saw fit to modify it. The decree will be that the defendants `stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to the said mortgaged premises when sold as aforesaid under this decree,' and the description of the premises to be sold will be that contained in the mortgage itself, excepting thereout such part thereof as may have been released by the release of January 2d. Where there are questions of legal title in dispute it isnot the province of a foreclosure suit, under our system ofjurisprudence, to settle them. Its appropriate end is to bar the equity of redemption. Questions of title arising after foreclosure must be settled by a judge and jury in a court of law."
In the above cited case the owner of two adjoining lots conveyed one with a right of way over the other. Both lots were subject to a mortgage at the time of the conveyance and after that conveyance the mortgagee gave a release to the purchaser of the adjoining lot releasing that lot from the mortgage. The question was whether the release operated as a grant of a right of way out of the estate of the mortgagee. The court held the question to be a legal one and that the release did not operate as contended and that the answer therefore did not set up a defense. In other words, the court was able to dispose of the legal question on well established principles of law and fact and did so by holding that the answer did not interpose a defense.
The Hazeldine Case was decided before the Chancery act of 1915 (R.S. 2:29-9), which provides as follows:
"If any question, ordinarily determinable at law and requiring a jury trial, arise in a suit of which the court of chancery has jurisdiction, a jury trial, if required, may be ordered, but shall be deemed to be waived unless demanded in the pleadings. If demanded, and the issue be one requiring a jury trial, the court shall send such issue of fact to a court of law for trial according to the existing practice. *Page 269 
"In all cases coming within the purview of this section the court of chancery shall retain the cause until the legal question shall be determined, or until an adequate opportunity to determine the same shall have been given, unless justice or the public interest requires a dismissal of the cause."
In Point Breeze Ferry and Improvement Co. v. Bragaw, 47 N.J. Eq. 298; 20 Atl. Rep. 967, the question before the court was the settlement of the rights of a mortgagee in riparian land which had been leased from the state and filled in below high water mark after the creation of the mortgage.
The court of errors and appeals held that before a sale under foreclosure "the rights of the mortgagee in the land that was submerged at the time the mortgage was given, and has since been reclaimed, should be established and defined, otherwise an unascertained interest will be sold, which would be unjust to all parties. The purchaser at such sale would buy an equitable estate and interest which could only be settled by a suit in equity. It would be contrary to equitable principles thus to invite further litigation, and make it necessary to bring the parties again before the court in other proceedings to determine rights which can be ascertained in the present suit. They should be first defined, so as to do justice to all, when the lands are sold for the payment of the mortgage debt."
It is true that in the above case the ascertainment of the rights of the mortgagee as to the lands in question could be and were determined by applying equitable principles and without the intervention of a strictly legal question requiring trial by jury, but the principle declared is applicable to the case at bar. Here complainant says that the stairway and its approach were in existence before either mortgage was given and that when Mann Co. took its mortgage it took subject to that easement. If this is so, and the final decree so declares, a sheriff's deed to the purchaser thereof will recite that fact and convey the easement. The purchaser will be protected and the entire equity of the mortgagor will be barred. The land will bring a larger price and the question of law and fact as to whether the easement exists will have been determined. The only person who could suffer is the *Page 270 
mortgagee, who asks for a decree barring the equity of redemption of the defendant and it invites the delay incident to the settlement of the question as to the easement. The mortgagor will be benefited by an extension of time to redeem.
It would seem that the mortgagee is entitled to sell to satisfy its debt not only the land described in the mortgage but the easement attached to the adjoining lands, if such easement exists, and in order that this may be done, is entitled to have the easement, vel non, determined, either in this court or a court of law. In no other way can the mortgagee foreclose the entire equity of redemption and it would be contrary to equitable principles to permit sale under the foreclosure with the legal question in dispute.
The question as to whether the easement exists as heretofore noted, is a mixed question of law and fact and under the authority of Hart v. Leonard, 42 N.J. Eq. 416;7 Atl. Rep. 865, this court does not have jurisdiction to determine that question, in view of the fact that the legal right is not admitted, nor is it clear on legal rules which are well settled.
I, of course, do not know what defendant Mann Co. will assert by way of answer but it is evident from this proceeding, as well as by statement of counsel, that the alleged existence of the easement will be denied, and I assume that a jury trial will be demanded, in which event R.S. 2:29-9 (section 8 of the Chancery act), supra, will become operative.
The motion to strike is denied. *Page 271