8 N.J. Super. 568 (1950)
73 A.2d 861
NICHOLAS JANCISIN AND JULIA JANCISIN, HIS WIFE, PLAINTIFFS,
v.
H.F. REALTY COMPANY, INC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 5, 1950.
*569 Mrs. Sadie Ranzenhofer (Ranzenhofer & Ranzenhofer), attorneys for plaintiff.
Mr. Aubrey Elias (Mr. Sol Eigen), attorney for defendant.
GRIMSHAW, J.S.C.
Plaintiffs are the owners of a plot of ground on the easterly side of Lexington Avenue in the City of Clifton. Upon this plot there is erected a two-family house. The house is located on the plot in such a position as to leave a strip of land approximately 8 feet wide between the house and the southerly boundary line of plaintiffs' property. The defendant corporation owns the plot adjoining that of the plaintiffs on the south. On the front of defendant's plot and occupying practically its entire width is a brick apartment and store building. In the rear of the apartment house and also on defendant's property there is a substantial concrete building and a block of small garages. The concrete building has been used at different times as a tinsmith's shop *570 and a storage garage. Latterly it has been used as a furniture warehouse. The garages are rented to the tenants of the apartment house.
It does not appear when plaintiffs' house was erected. The garages and concrete building were built in 1924 and the apartment house in 1927. Since 1924, except as herein noted, the 8-foot strip on the southerly side of plaintiffs' house has been used continuously as a means of access to the concrete building and garages. Since 1927 when the apartment house was erected, the 8-foot strip has been the only means of access to the buildings in the rear of defendant's property. The strip has the appearance of a driveway. There is no curb in front of it. And during part of the period during which it has been used there were concrete ribbons upon it such as are commonly used in driveways. Recently these ribbons of concrete have been broken up by the passage of vehicles.
In 1941, the tenant in the house now owned by the plaintiffs, sought to bar access to the 8-foot strip. Stakes were placed at intervals but were removed after several days upon threat of court action. After plaintiffs acquired title to their property, they, too, placed barriers on the strip which were removed by defendant's agents within a matter of hours. With these exceptions the strip has been used openly and continuously as a driveway since 1924. The automobiles of the tenants of the garages pass over it daily. Trucks delivering coal to the apartment house and those going to the warehouse have used it.
In 1922, one Zachary Chitirkin acquired title to the plot now owned by the defendant. In 1924 he acquired the plot now owned by the plaintiffs, under the name of Chetirkin. In January of 1927 he conveyed the southerly plot to Johanna Chitirkin and in February of the same year he conveyed to her the northerly plot under the name of Chetirkin.
On July 11, 1927, Johanna Chitirkin mortgaged the property now owned by the defendant to the Perfection Building and Loan Association. Thereafter on December 8, 1927, she executed a second mortgage covering the same property to *571 Barnet Beskin and Hyman Seitzman. Included in the description was the following:
"Together with a plot of ground 8 feet in width on Lexington Avenue and 100 feet in depth adjoining the premises hereinafter mentioned on the north thereof for the purposes hereinafter mentioned."
Then, following a description of the 8-foot strip appears the following:
"The last described premises are for the use only as a driveway to be used in common, with the premises first above described and the premises adjoining to the north."
The mortgage given to the Perfection Building and Loan Association was subsequently foreclosed. In the sheriff's deed, the right of way was included. Thereafter by mesne conveyances, all of which included the right of way, title was acquired by the defendant. On May 4, 1925, Johanna Chetirkin conveyed the property now owned by the plaintiffs to Olga Chetirkin, without mention of the right of way. Thereafter title to this plot was acquired by the plaintiffs.
The mortgage from Johanna Chitirkin to Beskin and Seitzman was recorded prior to the deed from Johanna Chetirkin to Olga Chetirkin. It follows, therefore, that the recording of the instruments above detailed was notice to the plaintiffs and their predecessors in title that the defendant and its predecessors in title claimed a right of way over the 8-foot strip. The documents were cross-indexed under the names of Chitirkin and Chetirkin so that an examination of the record title would disclose them to a searcher.
As I view the situation, it is unnecessary to consider further the legal effect of the documents of title. It must be conceded as settled in this State that when the owner of real property makes one portion of the property servient to another by an alteration which is obvious, permanent and continuous and then conveys one of the parcels, the grantee takes such part benefited or burdened by the easement which the alteration created. This rule of law proceeds upon the theory *572 that in the absence of an expressed intention to destroy the burden none will be implied from the mere act of severance. Central R.R. Co. v. Valentine, 29 N.J.L. 561 (E. & A. 1862); Provident Mutual Life Ins. Co. v. Doughty, 126 N.J. Eq. 262 (Ch. 1939). The easement may be preserved on the separation of the tenements as well by way of implied reservation as by way of implied grant. This is an exception to the rule which does not permit a grantor to derogate from his own grant. However, in the case of an implied reservation of an easement, there must be, additionally, a showing that it is necessary to the beneficial enjoyment of the property reserved. Toothe v. Bryce, 50 N.J. Eq. 589 (Ch. 1892); Kelly v. Dunning, 43 N.J. Eq. 62 (Ch. 1887); affirmed, 46 N.J. Eq. 605 (E. & A. 1890); Taylor v. Wright, 76 N.J. Eq. 121 (Ch. 1909).
After an examination of the record in the light of the above cited cases, I am of the opinion that the defendant has a right of way of necessity over the 8-foot strip along the southerly line of plaintiffs' property for ingress to and egress from the buildings in the rear of its plot. The northerly plot, now owned by the plaintiffs, was burdened with the right of way while both tracts were held by a common owner. The right of way is apparent and has been used continuously for 26 years. It is absolutely necessary to the beneficial enjoyment of defendant's property. Colonial Building-Loan Ass'n. v. Bergen Mutual Building and Loan Ass'n., 124 N.J.L. 92 (E. & A. 1939).
Judgment will be in accordance with the views expressed above.