JOHN B. CHAMPION and LEWIS EVANS, executors of George
W. Hinkle, appellants,

*v.*

ARABELLA HINKLE, respondent.

1. In a strict foreclosure suit at common law the decree simply cut off the
equity of redemption and foreclosed the mortgagor from redeeming the estate
by payment of the mortgage debt; thereafter the mortgagee was in, as of the
estate granted and conveyed by the mortgage, discharged from the condition
of defeasance, and he held the estate as if the original conveyance had been
absolute

2. The purchaser at a foreclosure sale of the mortgaged premises takes the
place of the mortgagee in strict foreclosure át common law. His title relates
back to the time of the execution of the mortgage. He succeeds as well to
the title and estate acquired by the mortgagee, by the delivery of the mortgage
deed, as to the estate the mortgagor had at the time of the execution of the
mortgage.

3. The acts of 1881 and 1882 (*Rev. Sup. pp. 489, 490*), which subject mort-
gaged estates to conditions of redemption in the hands of purchasers at fore-
closure sales, being unconstitutional as applied to antecedent mortgages—*Held,*
that the purchaser at a sale under proceedings for the foreclosure of a mort-
gage made prior to these acts, took the estate of the mortgagee unaffected by
the conditions of redemption created by those acts, although at the foreclosure
sale enough was realized to pay the prior mortgage in full and a small sum
upon a second mortgage which was made after these acts took effect.

On appeal from a decree advised by Vice-Chancellor Bird,
whose opinion is reported in *Hinkle* v. *Champion, 15 Stew. Eq.
610.*

*Mr. A. Stephany,* for the appellants.

*Mr. T. E. French, contra.*

The opinion of the court was delivered by

DEPUE, J.

George W. Hinkle, being seized of certain lands, made two
mortgages thereon. The first to John I. Shoemaker, dated

Champion v. Hinkle.

October 1st, 1876, for $15,000; the second to John B. Champion and Joseph A. Barstow, dated September 5th, 1883, for $10,000.

The mortgagor died December 9th, 1883. By his will he gave his wife, Arabella, the house and lot known as Congress Cottage and the furniture and household goods therein during her natural life, and made John B. Champion and Lewis Evans executors thereof. Shoemaker, the mortgagee named in the first mortgage, assigned it to Charles Shoemaker. After the death of the mortgagor, Shoemaker, the assignee, filed a bill of foreclosure, making Champion and Barstow, the second mortgagees, parties. In the foreclosure suit the usual decree for foreclosure and sale was made. Sale of the mortgaged premises under the foreclosure decree was made in June, 1885. Joseph H. Borton became the purchaser and obtained a sheriff's deed accordingly. From the sale enough money was realized to pay the first mortgage in full and a small sum upon the second mortgage.

The mortgagor was indebted to Champion and Barstow in the sum of $10,000, for which he gave them two notes for $5,000 each, payable at bank. The bond and mortgage made to them were given as collateral security for the payment of the notes. The notes were discounted by the bank, protested for non-payment, and taken up by Champion and Barstow, who were endorsers thereon. For the balance remaining due on the notes, after crediting the amount realized from the foreclosure sale, Champion and Barstow presented a claim to the executors. To pay the debts of the decedent, in which was included the claim of Champion and Barstow, the executors took proceedings to sell the real and personal property given to Mrs. Hinkle by her husband's will, the other personal estate being insufficient to pay debts.

In this situation of affairs, Mrs. Hinkle filed this bill to restrain the executors from making sale of such property for the payment of the claim of Champion and Barstow.

The case made in the complainant's bill is founded upon the act concerning proceedings on bonds and mortgages, passed March 12th, 1880, as amended by the supplement of March

23d, 1881. *Rev. Sup. pp. 489, 490.* This legislation provided,. that where a bond and mortgage have been given for the same debt, the proceeding to collect such debt should be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under the foreclosure proceedings the premises should not bring enough to satisfy the debt, interest and costs, then it should be lawful to proceed upon the bond for the deficiency; that the suit on the bond should be commenced within six months from the date of the foreclosure sale, and that if judgment be recovered in such suit, such recovery should open the foreclosure and sale of the mortgaged premises, and the person against whom the judgment was recovered might redeem by paying the full amount of the foreclosure decree, with interest and the cost of proceeding on the bond, if suit for redemption be brought within six months after entry of the judgment for the balance of the debt. The prayer of the bill was, that Champion and Evans, the executors, be restrained from selling any of the real or personal estate devised and bequeathed to the complainant until Champion and Barstow should have complied with the provisions of the statute by bringing an action on the bond, so that when a judgment should be recovered thereon, she might redeem the mortgaged premises, as provided for in said act. The decree was in conformity with the prayer of the bill.

The act in question does not prohibit a suit by the mortgagee for the residue of the mortgage debt unpaid by the proceeds of the foreclosure sale. It operates upon the foreclosure decree and the sale under it, by opening the decree and divesting the title of the purchaser, to allow redemption upon the terms prescribed in the act. There can be no ground for relief in virtue of the statute where the case is so circumstanced that redemption upon the foreclosure sale cannot be effected.

The Shoemaker mortgage, on which the foreclosure suit was founded, was executed and delivered October 1st, 1876. It antedated the statute, the application of which to the foreclosure proceedings is made the *gravamen* of this suit.

In a strict foreclosure at common law the decree simply cut off the equity of redemption and foreclosed the mortgagor from

Champion v. Hinkle.

redeeming his estate by payment of the mortgage debt; and the estate of the mortgagee, which in its inception was conditional and defeasible, became thereby absolute. Thereafter the mortgagee was, as of the estate granted and conveyed by the mortgage, discharged from the condition of defeasance, and he held the estate as if the original conveyance had been absolute. In a suit by a mortgagee to enforce his mortgage, whether by *scire facias* or by bill for foreclosure and sale, a purchaser at the sale of the mortgaged premises takes the place of the mortgagee in proceedings in strict foreclosure at common law. His title relates back to the time of the execution of the mortgage. He succeeds as well to the title and estate acquired by the mortgagee, by the delivery of the mortgage deed, as to the estate the mortgagor had at the time of the execution of the mortgage. *Rev. p. 703 § 5; Id. p. 117 § 71; 2 Jones Mort. § 1654.*

The acts of 1880 and 1881 subjected the estates of mortgagees to conditions of redemption which did not previously exist. As applied to antecedent mortgages these acts are unconstitutional and void, in that they subject the purchaser's title to redemption after sale, thereby diminishing the vendible value of the mortgage estate, and impairing the obligation of the contract contained in the mortgage. *Baldwin* v. *Flagg, 14 Vr. 495, 504; Coddington* v. *Bispham, 9 Stew. Eq. 574, 580; Morris* v. *Carter, 17 Vr. 260.* A purchaser at a foreclosure sale, under a mortgage prior to the passing of these acts, succeeds to the original estate of the mortgagee, and acquires an estate unaffected by the condition of redemption created by these acts. The value of the mortgage estate can be preserved unimpaired in the hands of the mortgagee only by investing the purchaser at the foreclosure sale with the mortgagee's original estate unimpaired by the newly-added condition of redemption.

It is true that the mortgage of Champion and Barstow was subsequent to the acts of 1880 and 1881, and that these persons were parties to the foreclosure suit. But the foreclosure bill was filed by Shoemaker on his mortgage, which was prior to these acts. The second mortgagees were made parties to foreclose and cut off their interest in the equity of redemption. Nothing that

the mortgagor may have done after the making of the mortgage could affect the mortgage estate. He could not, by making a second mortgage after the passing of the acts of 1881 and 1882, subject the prior mortgagee's estate to a condition of redemption that did not previously exist.

The purchaser at the foreclosure acquired the estate of the first mortgagee, and his title is absolute and indefeasible. The second mortgagees, by bringing suit and recovering a judgment at law for their mortgage debt, could not confer upon the complainant a right of redemption as against the purchaser at the foreclosure sale. There is, therefore, no foundation for the decree appealed from. The decree should be reversed.

*Decree unanimously reversed.*