The defendants, Attilio Foscolo and Angelina, his wife, on July 15th, 1924, were the owners of the premises known by the street numbers 219 and 223 Virginia avenue, Jersey City, New Jersey. On the day last mentioned, they mortgaged the premises No. 219 Virginia avenue to Union Trust and Hudson County National Bank. On January 3d 1927, the bank assigned the bond and mortgage to complainant (Exhibit C-4). Subsequent to the execution of the bond and mortgage to the bank, and before the assignment thereof to the complainant, the defendants caused to be erected on the rear of *Page 461 
both premises a series of garages (Exhibits C-1A and C-1B). They are so constructed that they appear to represent one single unit. Ingress and egress to the garages was had only by the use of a driveway laid out by the Foscolos which apparently was on a part of No. 223 and immediately adjoining the premises No. 219 Virginia avenue (Exhibit C-14). There is imbedded in and beneath the driveway an oil or fuel tank which supplies fuel to the heating system in No. 219 Virginia avenue.
Because of default under the terms of the mortgage, the complainant instituted foreclosure proceedings thereunder, and the property was sold to her by the sheriff on March 29th, 1937 (Exhibit C-5). The sheriff's deed "included all and singular the rights, liberties, privileges, hereditaments and appurtenances thereunto belonging or in anywise appertaining and the reversion and remainders, rents, issues and profits thereof and also all the estate, right, title, interest, use, property, claim and demand of the said defendants, Attilio Foscolo and Angelina Foscolo, his wife." The conveyance comprehended, of course, the garages on the rear of No. 219 Virginia avenue.
On September 7th, 1935, Angelina Foscolo conveyed her title to the premises No. 223 Virginia avenue to the defendant Loy Corporation of 565 Fifth avenue, borough of Manhattan, city of New York (Exhibit C-16).
It is, among other things, asserted that after the complainant acquired the property at the foreclosure sale, the defendant Loy Corporation made demands upon her to purchase the adjoining premises No. 223 Virginia avenue; the demands, it is alleged, conveyed insinuations that failure to comply would result in a deprival of the use of the driveway to and from the garages.
The bill seeks to restrain the defendants from interfering with complainant's use of the fuel tank in the driveway and from blocking access to and egress from the garages. The bill was amended at the hearing to include a prayer decreeing an easement of necessity existing in the driveway.
When Attilio and Angelina Foscolo acquired title to the premises No. 219 Virginia avenue from Harry C. Jacobson, *Page 462 
they then were the owners of premises No. 223 Virginia avenue. When Jacobson conveyed No. 219 to them, they removed a fence which apparently separated that property from No. 223, and thereupon constructed a common driveway between the premises which, since, has been continuously used by the tenants of both No. 219 and No. 223 Virginia avenue to get to and from the garages. The complainant contends that she has a right of way by necessity over the lands of the defendant by virtue of the conveyance made to her by the mortgage executed by the defendants Foscolos to the Union Trust and Hudson County National Bank (Exhibit C-2), and by the sheriff's deed conveying the premises No. 219 Virginia avenue to her (Exhibit C-5.)
In this state the cases uniformly hold a way of necessity over grantor's land may or will arise by implication. Camp v.Whitman, 51 N.J. Eq. 467; 26 Atl. Rep. 823; Higbee Fishing Club
v. Atlantic City Electric Co., 78 N.J. Eq. 434;79 Atl. Rep. 326; William Dahm Realty Corp. v. Cardel, 128 N.J. Eq. 222.
The law is settled that when an owner of a tract of land makes one part of the land servient to another by an alteration which is obvious and permanent, and then conveys one part, the grantee takes such part benefited or burdened by the easement which the alteration creates. Kelly v. Dunning, 43 N.J. Eq. 62;10 Atl. Rep. 276.
While the Foscolos held title to both premises they erected the driveway which has served both premises. They added garages to both premises presumably as an improvement and as a benefit to the use and the occupancy thereof. The driveway was used continuously by the tenants of both premises, and it was, at all times, visible and could be seen and known on a careful inspection.
The existence and use for ingress and egress by the tenants of both premises of the garages during the common ownership, in my opinion, entitled the complainant, who acquired title after the establishment and use of the driveway, to an easement by way of necessity. In Colonial Building-Loan Association v. BergenMutual Building and Loan Association, 124 N.J. Law 92;11 Atl. Rep. 2d 125, the Court of Errors and Appeals, in part said: *Page 463 
"The way to the rear building was necessary within the meaning of our cases. When the owner of both properties conveyed out the title to No. 34 Vroom street, there was, as an incident to that conveyance, an implied grant of a quasi-easement in favor of that property and against the retained lot. The proofs disclose that the use of the way to the rear building was accompanied by physical conditions which were obvious and continuous."
When the Foscolos executed the mortgage to the bank, they, I am satisfied, thereby vested the bank with the easement of necessity arising from, or through, the common use or enjoyment incident to the occupation of both the premises.
A person acquiring title through the foreclosure of a mortgage is regarded as a purchaser from the date of the mortgage and not from the date of his deed. Provident Mutual Life InsuranceCompany of Philadelphia v. Doughty, 126 N.J. Eq. 262;8 Atl. Rep. 2d 722.
 Vice-Chancellor Fielder in Blumberg v. Weiss, 126 N.J. Eq. 616; 10 Atl. Rep. 2d 743, inter alia, said:
"The leading case in our reports applicable to the situation with which we are concerned, is Central Railroad Co. v.Valentine, 29 N.J. Law 561, the syllabus of which states that where the owner of land conveys part of it, `the grantee takes the part conveyed and the grantor holds the part retained, with the right to whatever is necessary to the enjoyment of their respective premises for which they are then or are intended to be used, whether such intended use is mentioned in the deed or not.' That case holds that the grantee of the part conveyed takes such part with all benefits and all burdens which at the time of the conveyance appear to belong to it, as between it and the property the grantor retains, and it is authority for the contention that the existence of a window or windows which admit light and air to a building on land retained by a grantor at the time he makes conveyance of adjoining land, gives such grantor an implied easement over the adjoining land, to maintain his windows unobstructed in the absence of a distinctly expressed intention in the deed to destroy such easement. Authority to the same effect is also to be found in Seymour v. Lewis, 13 N.J. Eq. 439; Denton *Page 464 
v. Leddell, 23 N.J. Eq. 64; affirmed, 24 N.J. Eq. 567; De Luze
v. Bradbury, 25 N.J. Eq. 70; Kelly v. Dunning, 43 N.J. Eq. 62;affirmed, 46 N.J. Eq. 605; Larsen v. Peterson, 53 N.J. Eq. 88;Greer v. Van Meter, 54 N.J. Eq. 270; Taylor v. Wright,76 N.J. Eq. 121."
When the defendant, Loy Corporation, acquired the premises No. 223 Virginia avenue, they took the title thereto subject to the right of way which existed in favor of the complainant by implication and by necessity. It had knowledge of the existence and common use of the driveway. Higbee Fishing Club v.Atlantic City Electric Co., supra; National Silk Dyeing Co. v.Grobart, 117 N.J. Eq. 156; 175 Atl. Rep. 91; Wm. Dahm RealtyCorp. v. Cardel, supra. Diocese of Trenton v. Toman, 74 N.J. Eq. 702; 70 Atl. Rep. 606, is authority for the doctrine that mere subdivision and conveyance of land carries with it all rights by way of easement which appertain to the whole of the original plot.
Under all the circumstances, I shall advise a decree in favor of the complainant in accordance with the prayer of the bill.