CRABTREE, J. T. C.
Plaintiff contests his payment, made under protest, of a realty transfer fee of $966 imposed in connection with a sheriff’s deed *394 conveying real property to plaintiff incident to a mortgage foreclosure proceeding. Plaintiff contends that the transaction was exempt from the realty transfer fee on three grounds:
(1) The deed was from an agency, instrumentality or subdivision of the State of New Jersey pursuant to N.J.S.A. 46:15-10{b);
(2) The deed was in specific performance of a final judgment within the purview of N.J.S.A. 46:15-10(/), and
(3) By virtue of N.J.S.A. 46:15-7 the fee can only be imposed upon the grantor, and not upon the grantee.
Defendant moves for summary judgment pursuant to R. 4:46.
The facts are undisputed and may be briefly stated.
Plaintiff was the successful bidder at a sheriff’s sale conducted on June 6,1978 incident to a judgment of foreclosure entered by the Superior Court, Chancery Division, Passaic County, in the case of Little Falls S. & L. Ass’n. v. Chas. O. Holmberg & Sons, Docket No. F 5082-76. A sheriff’s deed to plaintiff conveying the real property involved was executed by the Passaic County Sheriff on June 20,1978. On June 26,1978, the sheriff attempted to record the deed with the Passaic County Registrar but that officer refused to accept it unless the realty transfer fee was paid. After plaintiff’s demand upon the sheriff to pay the fee was refused, plaintiff paid the fee under protest. The amount of the fee is not in dispute.
The gravamen of plaintiff’s argument that the transaction in issue is exempt pursuant to N.J.S.A. 46:15-10(b) and (/) is that sheriff’s deeds are not subject to the realty transfer fee imposed by N.J.S.A. 46:15-7. This argument is without merit.
As early as September 4, 1968, some three months after passage of the Realty Transfer Fee Act, N.J.S.A. 46:15-5 ét seq., defendant applied the act to sheriff’s deeds. This interpretation was followed consistently in subsequent rulings and regulations and has survived two amendments to the act’s provision dealing with exempt transactions (N.J.S.A. 46:15-10). Such contemporaneous construction of the act by the agency entrusted with its administration and empowered by N.J.S.A. 46:15-11 to adopt implementing rules and regulations, consistently followed by defendant to date, is entitled to great weight. Public Service *395 Electric & Gas Co. v. Woodbridge, 73 N.J. 474, 375 A.2d 1165 (1977); Ferrante Equipment Co. v. Foley Machinery Co., 49 N.J. 432, 231 A.2d 208 (1967); Container Ring Co., Inc. v. Taxation Div. Director, 1 N.J. Tax 203 (Tax Ct.1980). In addition, the legislative amendments in 1974 and 1979, which give no indication that defendant’s interpretation was incorrect, constitute implicit recognition that defendant’s view is consistent with legislative intent. Automatic Merchandising Council v. Glaser, 127 N.J.Super. 413, 317 A.2d 734 (App.Div.1974).
Moreover, statements appended to bills are useful aids in ascertaining legislative intent, Howard Savings Inst. v. Kielb, 38 N.J. 186, 183 A.2d 401 (1962), and that intent is incontestably revealed in the Statement of the Senate Revenue, Finance and Appropriations Committee accompanying the 1974 amendments to N.J.S.A. 46:15-10. Assembly Bill 1024 added the word “sheriff” to subsection (g) in order to extend the exemption to sheriff’s deeds. The Senate version, ultimately enacted, deleted the word “sheriff” from the bill. The aforementioned Statement gave the reasons:
Amending section 4, line 18, deleting “sheriff” take [sic] cognisance of the fact the property bought at sheriff’s sales are often subject to a substantial first mortgage and it does not seem a hardship to impose a transfer fee based on that value [sic].
In view of the foregoing I conclude that sheriff’s deeds are not exempt from the act.
Plaintiff’s contention that N.J.S.A. 46:15-7, imposing the transfer fee upon grantors, absolves him from liability therefor vis-a-vis the county recording officer fares no better. The statute in question provides, pertinently:
In addition to the recording fees imposed by P.L. 1965, c. 123, § 2 (C. 22A:4-4.1) a fee is imposed upon grantors, at the rate of $1.75 for each $500.00 of consideration or fractional part thereof recited in the deed, which fee shall be collected by the county recording officer at the time the deed is offered for recording.
As with the treatment of sheriff’s deeds, this provision of the act has been consistently and uniformly interpreted by defendant since the act’s inception as the imposition of a requirement that no deed may be recorded until the fee is paid, and that the *396 provision imposing liability upon the grantor merely fixes liability as between the grantor and grantee. This contemporaneous construction of the act by the agency charged with its administration and empowered to adopt implementing rules and regulations, unaltered by later legislative changes, is entitled to great weight. Public Service Electric & Gas Co. v. Woodbridge; Ferrante Equipment Co. v. Foley Machinery Co.; Container Ring Co., Inc. v. Taxation Div. Director, and Automatic Merchandising Council v. Glaser, all supra.
Furthermore, the long established general rule is consistent with defendant’s construction. That rule states that the taxing authority or other responsible governmental agency is not obliged to collect a particular tax from one particular source, but the party making payment may be entitled to recover, in an appropriate action, from the party who should have paid. 3 Cooley on Taxation (4 ed. 1924), 2510-2511. Thus, for example, the holder of a mortgage on real property may be required to pay real property taxes to protect its interest but it may be entitled to reimbursement from the mortgagor. Id. at 2516. In the context of recording taxes the law is the same. The obligation to pay the recording tax rests on the seller and where the purchaser has been compelled to pay he may have an enforceable claim against the seller. 85 C.J.S. Taxation § 1081b at 687.[1]
Defendant’s construction of the act is indispensable to effectuation of the legislative intent. If the county recording officer were required to record a deed whether or not the grantor had paid the tax, the legislative requirement that the fee be paid in order to record a deed would be defeated. If the county recording officer were required to collect a fee but obligated to return it if it did not actually come from the grantor, the uncertainties facing the county recording officer would be unacceptable. It would also provide an easy opportu *397 nity for the grantee to avoid the act by paying the fee and filing for refund on the basis that he was not the grantor, thus frustrating the collection mechanism devised by the Legislature. It is thus evident that the act requires payment of the fee as a prerequisite to recording, and if the grantor fails to pay it, the grantee must pay the fee and seek reimbursement from the grantor.
In view of the foregoing I conclude that payment of the realty transfer fee is a prerequisite to recording and that N.J.S.A. 46:15-7 merely fixes liability for the fee as between grantor and grantee.
Defendant’s motion for summary judgment is granted. Judgment will be entered dismissing plaintiff’s complaint.

The court expresses no opinion on the sheriffs liability as grantor in this case since that issue is not before us.