225 N.J. Super. 590 (1988)
543 A.2d 102
PAUL R. PORRECA, JR., PLAINTIFF-APPELLANT,
v.
DANIEL F. LAFERRIERE, SHERIFF OF CUMBERLAND COUNTY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 30, 1988.
Decided June 14, 1988.
*591 Before Judges KING, GAULKIN and D'ANNUNZIO.
Rosenberg & Goldstein, attorneys for appellant (Richard I. Rosenberg, on the letter brief).
Ivan M. Sherman, Cumberland County Counsel, attorney for respondent (Ivan M. Sherman, on the letter brief).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
The issue is whether a sheriff who sells lands pursuant to a mortgage foreclosure judgment and who executes a sheriff's deed to consummate the sale is responsible for the realty transfer fee (fee) required by N.J.S.A. 46:15-7.
Plaintiff purchased properties as the successful bidder at two foreclosure sales held by defendant as Cumberland County Sheriff. Upon presenting the sheriff's deeds for recording, plaintiff was required to pay the transfer fees. Thereafter, plaintiff, alleging that he paid the fees totaling $252 "under protest," commenced this action against the sheriff for reimbursement. The trial judge granted summary judgment in favor of the sheriff, ruling that the sheriff was merely performing a ministerial function and that the legislature did not intend to burden the sheriff with payment of the fee. Plaintiff appeals, and we now affirm.
*592 N.J.S.A. 46:15-7 imposes "upon grantors" a fee, "which fee shall be collected by the county recording officer at the time the deed is offered for recording." The current fee is $1.75 for each $500 of consideration up to $150,000 of consideration and $2.50 for each $500 of consideration in excess of $150,000. "Consideration" is defined in N.J.S.A. 46:15-5(c) as the actual amount of money to be paid for the transfer of title and "the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee...."
Any doubt about the applicability of the fee to the recording of a sheriff's deed was dispelled in 1979 when the legislature amended the statute by adding N.J.S.A. 46:15-6.1. The amendment provides, inter alia, that "[u]pon the recordation of any deed... executed by a sheriff ... the ... fee shall be computed upon the amount bid for the property plus the remaining amount of any superior mortgages, liens or encumbrances constituting `consideration'...." In Soldoveri v. Taxation Div. Director, 3 N.J. Tax 392 (Tax Court 1981), a successful bidder at a sheriff's sale sued to recover the transfer fee he paid under protest to the Passaic County Registrar, contending that a sheriff's deed was exempt under N.J.S.A. 46:15-10. In rejecting this contention the Tax Court reviewed the history of the Realty Transfer Tax Act. It noted that shortly after passage of the Act, the Division of Taxation adopted regulations applying it to sheriff's deeds. The Tax Court also relied on the legislature's subsequent acquiescence in this treatment of sheriff's deeds and further noted that in 1974 during consideration of the 1974 amendments to the exemption section, L. 1974, c. 184, § 4, N.J.S.A. 46:15-10, an attempt to exempt sheriff's deeds was rejected. The Statement of the Senate Revenue, Finance and Appropriations Committee indicated that the word sheriff was deleted from Assembly Bill 1024 amending § (g) of N.J.S.A. 46:15-10, the exemption statute, because "property bought at sheriff's sales are often subject to a substantial first mortgage and it does not seem a hardship to *593 impose a transfer fee based on that value." The issue of a sheriff's responsibility to reimburse the grantee for the transfer fee was not considered in Soldoveri.
Although the statute provides that "a fee is imposed upon grantors," N.J.S.A. 46:15-7, it is clear that at the core of the statutory scheme is the requirement that the recording officer receive the fee, regardless of its source, before recording the deed.[1] Recordation is not a prerequisite to a deed's validity. However, if a grantee seeks the protection of deed recordation, he must pay the fee even if he has not received it from the grantor. Whether there exists a grantor available to pay the fee, or capable of paying it is of no importance to the recording officer except where the consideration has been stated incorrectly in a recorded deed and an additional fee is owing.[2]
Against this background we address the issue in this case which is whether the Legislature intended that a sheriff selling lands pursuant to a writ of execution issued on a foreclosure judgment is responsible to the grantee for payment of the fee.
In a sale of mortgaged premises pursuant to the court's writ, a sheriff acts pursuant to statute and as an agent of the court, N.J.S.A. 2A:50-36 and 37. Snyder v. Blair, 33 N.J. Eq. 208, 210 (Ch. 1880). The sheriff's deed does not convey any title of the sheriff. The purchaser at the sale is regarded as purchaser from the date of the foreclosed mortgage and not from the date of the sheriff's deed. Koppel v. Olaf Realty Corp., 62 N.J. Super. 103, 115 (App.Div. 1960). The purchaser "succeeds ... to the title and estate acquired by the mortgagee, by the delivery of the mortgage ... as to the estate the *594 mortgagor had at the time of the execution of the mortgage." Champion v. Hinkle, 45 N.J. Eq. 162, 165 (E & A 1888); Koppel, supra; N.J.S.A. 2A:50-37.
Clearly, a sheriff is merely a conduit and not a "grantor" in the sense of one who is conveying his title.
Practical considerations also militate against a legislative intent to impose fee liability on a sheriff. A sheriff ordered to sell real property is entitled to receive the same fees "allowed by law to a sheriff on sale by execution." R. 4:65-1. The sheriff is entitled to 4% on all sums not exceeding $5,000 and 2 1/2% on all sums in excess of $5,000. The minimum fee is $20. N.J.S.A. 22A:4-8.[3] A sheriff may not take fees greater than allowed by law. If he does, he is liable for damages and a statutory penalty. Ibid.; International Broth. of Elec. Workers' v. Gillen, 174 N.J. Super. 326 (App.Div. 1980).
No statute authorizes a sheriff to collect or charge an amount necessary to pay the transfer fee. Therefore, the fees allowed on execution sales are the only source, other than county appropriations[4], from which the sheriff can pay the transfer fee. Sheriff's fees on execution sales have not been substantially increased since 1953 when a sheriff's commission was calculated at 4% of the first $1,000 and 2 1/2% on amounts in excess of $1,000. In 1971, the threshold amount was increased to $5,000 and the minimum fee was increased from $6 to $20. In 1968, the year the realty transfer fee was enacted, the sheriff's commission was not increased.
In some situations the transfer fee will far exceed execution fees received by the sheriff. For example, if a property is sold on foreclosure of a second mortgage and is purchased for $100 *595 subject to a $500,000 first mortgage, the sheriff's commission will total $20, the minimum amount. The transfer fee, however, will be $2,277.50 because the consideration on which the transfer fee is based is the $100 bid price plus the $500,000 first mortgage. N.J.S.A. 46:15-6.1. In that situation, which is neither fanciful nor farfetched, the sheriff will have to pay the transfer fee, if he is liable for it, out of county appropriations. Pursuant to N.J.S.A. 46:15-8, the county retains only 28.6% of the proceeds "from the first $1.75 for each $500.00 of consideration...." The balance of the collected fee is remitted to the State. Appellant's contention, if adopted, yields the anomalous result of the county appropriating funds to pay a fee from which it was supposed to benefit, and subsidizing the private acquisition of property at foreclosure sales.
"[S]tatutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as `consonant to reason and good discretion.'" Schierstead v. Brigantine, 29 N.J. 220, 230 (1959) (citations omitted). And "where a literal reading of the statute leads to absurd consequences `the court must restrain the words' and seek the true legislative intent." Id. at 231, citing In re Merrill, 88 N.J. Eq. 261 (Prerog. Ct. 1917). In construing a statute we assume that the Legislature intended a reasonable approach and the statute should be construed to effect a reasonable approach, Roman v. Sharper, 53 N.J. 338, 341 (1969), and not one "at odds with the sense of the situation." Id. at 340.
We apply these principles to the present case in light of the sheriff's position as a mere conduit, his role as court agent, the limitations on his ability to generate the necessary funds and the absurdity of requiring the county to contribute funds to the State by underwriting a tax designed, in part, to provide revenue to county government. We hold that a sheriff who executes a deed to consummate a foreclosure sale is not a grantor within the meaning of N.J.S.A. 46:15-7 and is not liable *596 for the realty transfer fee.[5]
Affirmed.
NOTES
[1] We take judicial notice of the fact that in most cases the grantee presents the deed for recording and transmits the fee to the recording officer.
[2] In that event, the statute provides that the "person ... required to pay said additional fee at the time of recording shall be and remain liable to the county recording officer for the payment of the proper amount thereof."
[3] A sheriff is also entitled to small amounts for the performance of various services in connection with a sale, e.g., $10 for advertising the sale, $5 for making statement of execution, etc. N.J.S.A. 22A:4-8. See generally 30 N.J. Practice (Cunningham and Tischler, Law of Mortgages) (1975), § 364.
[4] See generally, N.J.S.A. 40A:9-104 to 117 and N.J.S.A. 22A:4-17.
[5] Whether a purchaser at a foreclosure sale has a right to recover the transfer fee from the mortgagor or the mortgagee is not before us and we do not address that issue.