762 A.2d 674 (2000)
335 N.J. Super. 385
CKC CONDOMINIUM ASSOCIATION, INC., a New Jersey not-for-profit corporation, Plaintiff-Appellant,
v.
SUMMIT BANK, a bank chartered by the State of New Jersey, successor by merger to United Jersey Bank and Pipco Ashley, Inc. d/b/a Pipashley, Inc., a New Jersey corporation, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 2000.
Decided November 29, 2000.
*675 Michael L. Prigoff, Englewood, argued the cause for appellant (Lebson, Prigoff & Baker, attorneys; Mr. Prigoff and Francine R. Foner, on the brief).
Paul S. Werther argued the cause for respondent (Tompkins, McGuire, Wachenfeld & Barry, attorneys; Mr. Werther, of counsel and on the brief; Thomas A. Callahan, Jr., Caldwell, on the brief).
Before Judges PRESSLER, KESTIN and ALLEY.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This appeal from the dismissal of a complaint pursuant to R. 4:6-2(e) raises the single and narrow issue of when the six-year limitations period prescribed by N.J.S.A. 2A:14-1 expired.[1] More particularly, the parties agree that the running of the statute of limitations commenced on the day that defendant's predecessor, United Jersey Bank (UJB), or its assignee purchased the subject premises following foreclosure. They disagree, however, as to the date of purchase. Defendants contend that the purchase date is May 11, 1993, the date on which UJB made its successful bid at the sheriff's sale conducted pursuant to R. 4:65. Plaintiff contends that the purchase date is June 24, 1993, the date on which the sheriff delivered the deed to UJB's designee. The complaint was filed on June 15, 1999.
There is no dispute of relevant fact. Plaintiff CKC Condominium Association, Inc. (CKC), is the unit owners' association for the operation and management of condominium property in Orange and East Orange, New Jersey. Article IV, Section 6 of CKC's bylaws provides that "[e]ach purchaser of a Condominium Unit shall, at the time of purchase of his Condominium Unit, pay to the Association, a non-refundable sum equal to two months' assessment charge as a Working Capital contribution and one month's assessment charge as a Reserve Fund contribution." UJB, which held a mortgage on forty-four condominium units, instituted a foreclosure action, obtaining a judgment of foreclosure in 1992 followed by a writ of execution. A sheriff's sale pursuant to R. 4:65-5 was conducted on May 11, 1993, pursuant to proper notice and advertising. UJB was the only bidder, having submitted a nominal bid of $100. UJB advised the sheriff that it would inform him as to who would be the grantee of the sheriff's deed. In due course it named its wholly-owned subsidiary, defendant Pipco Ashley, Inc., as its assignee, and on June 24, 1993, the sheriff executed and delivered his deed to Pipco. Five days later, by deed dated June 29, 1993, Pipco conveyed all of the foreclosed units to Sam Zausner pursuant to a prior agreement between UJB and Zausner confirmed by letter dated May 10, 1993. Thereafter, UJB was acquired by defendant Summit Bank.
CKC filed this action on June 15, 1999, claiming that Summit, by reason of the sheriff's deed to its predecessor's wholly owned subsidiary Pipco, or Pipco, by reason of its receipt of the sheriff's deed, became a purchaser on June 24, 1993, and was then first obligated to pay the three-month assessment as provided for in the bylaws. Summit's contention is that if it *676 became a purchaser at all, it did so at the sheriff's sale at the moment the property was struck off on acceptance of its bid. Hence, it claims, CKC's complaint was filed beyond the six-year limitations period. On Summit's ensuing dismissal motion, the trial judge accepted Summit's position. Relying exclusively on Porreca v. LaFerriere, 225 N.J.Super. 590, 543 A.2d 102 (App.Div.1988), he concluded that the successful bidder at a sheriff's sale became the purchaser at the time of acceptance of his bid. We are satisfied that the trial judge erred in concluding that Porreca justified that conclusion in the circumstances here.
To begin with, it must be emphasized that the only issue before us is when, for statute of limitations purposes, defendants, or either of them, became a purchaser. There are obviously other issues bearing upon CKC's rights against Summit by way of both legal and equitable defenses. Consequently, our disagreement with the trial judge is not the end of this litigation, but only the beginning, and the merits of both the claim and the defenses remain to be addressed.
As to the issue before us, we note first that the terms "purchaser" and "time of his purchase" are not defined by the bylaws. These terms do, however, have a common contextual meaning not only in the legal community but among the public at large as well. Ordinarily, as a matter of common understanding and despite the bundle of equitable rights that may flow from a contract of sale, one is not regarded as the purchaser chargeable with the burdens of ownership until delivery to him of a deed or other indicia of title. Thus, we think it plain that a person under contract to purchase a condominium unit, although he is deemed an equitable owner by reason of the doctrine of equitable conversion, is not liable as a purchaser obligated to pay the assessments until title is vested in him. In this context, we see no difference between a contract purchaser prior to closing and delivery of the deed and a successful bidder at a sheriff's sale prior to delivery of the sheriff's deed. The rights of the successful bidder are also contingent. Thus, the sheriff's deed is not deliverable until the passage of ten days following the sale, R. 4:65-5, and then, if an objection to the sale is made, not until the hearing on the objection mandated by the rule has been completed. Moreover, the sheriff's sale is subject to the mortgagor's usual ten-day right of redemption. See, e.g., Hardyston Nat. Bank v. Tartamella, 56 N.J. 508, 513, 267 A.2d 495 (1970), extending the time for redemption to the date of the order ruling on any objections that were made.
We do not regard any of the authority relied on by defendant as contradicting the logic and sense of the sheriff's transaction. Porreca, supra, dealt only with the non-germane issue of whether the sheriff delivering a deed to the grantee named therein is liable for the statutory transfer fee. In concluding that he is not, we noted that "[t]he sheriff's deed does not convey any title of the sheriff." 225 N.J.Super. at 593, 543 A.2d 102. Then, citing Koppel v. Olaf Realty Corp., 62 N.J.Super. 103, 115, 162 A.2d 306 (App.Div.1960), we added the observation that "[t]he purchaser at the sale is regarded as purchaser from the date of the foreclosed mortgage and not from the date of the sheriff's deed," 225 N.J.Super. at 593, 543 A.2d 102. Quoting Champion v. Hinkle, 45 N.J. Eq. 162, 165, 16 A. 701 (E. & A. 1888), we also noted that "[t]he purchaser `succeeds ... to the title and estate acquired by the mortgagee, by the delivery of the mortgage ... as to the estate the mortgagor had at the time of the execution of the mortgage.'"
It is, however, immediately apparent in reviewing these authorities, as well as Boylan v. Loy Corp., 128 N.J. Eq. 460, 463, 17 A.2d 291 (Ch.1941), aff'd, 130 N.J. Eq. 203, 21 A.2d 771 (E. & A. 1941), on which Koppel relied, that they have very little, if anything, to do with defining the time at which a person assumes the burdens of ownership, i.e., becomes a purchaser within *677 the clear intendment of the bylaws here in question. Thus, the issue in Koppel was simply whether the purchaser at a sheriff's sale was chargeable with rights of third persons created by the foreclosed mortgagee. 62 N.J.Super. at 114-115, 162 A.2d 306. The issue in Boylan was whether the purchaser at a foreclosure sale succeeded to an access easement vested by the mortgagor in the mortgagee. 128 N.J. Eq. at 463, 17 A.2d 291. And in Champion, in discussing strict foreclosure at common law, the Court opined that in strict foreclosure, "a purchaser at the sale of mortgaged premises takes the place of the mortgagee.... His title related back to the time of the execution of the mortgage. He succeeds as well to the title and estate acquired by the mortgagee, by the delivery of the mortgage deed, as to the estate the mortgagor had at the time of the execution of the mortgage." 45 N.J. Eq. at 165, 16 A. 701. As the Court further explained, "The value of the mortgage estate can be preserved unimpaired in the hands of the mortgagee only by investing the purchaser at the foreclosure sale with the mortgagee's original estate unimpaired by the newly-added condition of redemption." Ibid.
Our foray into the law governing the nature of the estate acquired by the purchaser at the foreclosure sale does not help us in determining when the sale is consummated so as to impose burden of ownership upon the purchaser. We see, however, nothing to detract from our conclusion that those burdens do not arise until transfer of title. The conveyance of land from grantor to grantee was once marked by livery of seisin. That ceremony, marking the transfer of legal title and its attendant rights and burdens, has long since been replaced by our modern system of land records. See Thomas S. Bergin & Paul G. Haskell, Preface to Estates in Land and Future Interests, 10-11 (2d ed. 1984). Ownership occurs when a recordable document is delivered. That happened here when the sheriff executed and delivered his deed to Pipco. That took place within the six-year limitations period.
The order of dismissal appealed from is reversed, and we remand to the trial court for further proceedings consistent with this opinion.
NOTES
[1] Although affidavits were submitted, the trial judge made it clear that he was deciding the issue as a motion pursuant to R. 4:6-2(e) rather than as a summary judgment pursuant to R. 4:46-2. R. 4:6-2(e) permits dismissal of the complaint if on its face it fails to state a claim on which relief may be granted. There is authority for the proposition that where the relevant facts are not in dispute on that issue, a statute of limitations defense is sufficiently akin to failure to state a claim as to permit its disposition by way of a motion under R. 4:6-2(e). See, e.g., O'Connor v. Altus, 67 N.J. 106, 116, 335 A.2d 545 (1975); Rappeport v. Flitcroft, 90 N.J.Super. 578, 580-581, 218 A.2d 873 (App.Div.1966); Henry V. Vaccaro Const. Co. v. A.J. DePace, Inc. 137 N.J.Super. 512, 513-514, 349 A.2d 570 (Law Div.1975).