35 A.3d 1196

IN THE MATTER OF PETER ROSEN, AN ATTORNEY AT LAW (ATTORNEY NO. 244231969).

January 26, 2012.

### ORDER

**PETER ROSEN** of **RANDOLPH,** was admitted to the bar of this State in 1969, and has been charged by formal ethics complaint (District Docket Nos. XIV–09–0027E through 0035E, XIV–09–0042E, XIV–09–43E, and XIV–09–188E) in connection with his performance as the attorney for the seller of condominium units.

The complaint charges that respondent violated *RPC* 1.2(d) (counseling or assisting a client in conduct the attorney knows is illegal, criminal or fraudulent, or in the preparation of a written instrument containing terms the lawyer knows are expressly prohibited by law), *RPC* 1.2(e) (redesignated as *RPC* 1.4(d) as of January 1, 2004, and requiring a lawyer to advise a client of the relevant limitations on the lawyer's conduct when the lawyer knows a client expects assistance not permitted by the *RPCs* ), *RPC* 1.16(a) (failure to withdraw from the representation of a client if the representation results in violation of the *RPCs* or other law), *RPC* 4.2 (communicating with a party whom the lawyer knows is represented by counsel), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).

The evidence presented at the disciplinary hearing disclosed that this matter involves twelve real estate closings that respondent handled on behalf of Fox Hills of Rockaway (Fox Hills), a senior residential housing development; that respondent conducted in total approximately 672 closings for Fox Hills and, as Assistant Secretary of the entity, he operated throughout under the direction of its Chief Operating Officer, Morton Salkind; that Fox Hills was subject to the Planned Real Estate Development Full Disclosure Act (PREDFDA), *N.J.S.A.* 45:22A–21 to –56, and the Full Disclosure Act regulations, *N.J.A.C.* 5:26–1.1 to –11.11, which require developers to use a Department of Community Affairs (DCA) approved public offering statement, *N.J.A.C.* 5:26–4.1, and which further require any changes to the terms set forth in that document, including the assignment of responsibility for the payment of taxes and assessments, to have the prior approval of the DCA, *N.J.A.C.* 5:26–4.2(a)(19) and –4.5.

The evidence also disclosed that, after July 2003 legislation doubled the realty transfer fee (RTF), *see N.J.S.A.* 46:15–7.1, applicable to each unit, and notwithstanding that neither the contracts nor any other pre-closing documents shifted the RTF expense to the buyers, Fox Hills determined to collect the RTF from buyers, including those with signed contracts. And the

evidence presented having further disclosed that although respondent sought permission from DCA to amend the public offering statement, *see N.J.S.A.* 45:22A–28(c) and *N.J.A.C.* 5:26–4.5 (requiring DCA approval for amendments to public offering statement), while that request was pending, he conducted eight of the twelve subject closings and collected the RTF from the buyers; and that thereafter, DCA denied permission for the requested amendment to the public offering statement. Nevertheless, in conducting the remaining four closings, respondent collected the RTF from the buyers. The amount of notice to buyers advising of the shifted RTF cost ranged from a few days to more than a month and, in one case, to fifty-three days. Buyers were told that the closing would not take place unless they were willing to pay the RTF. All twelve buyers paid the RTF and thereafter participated in civil litigation to obtain return of the monies. That suit resulted in settlement for all but one of the grievants.

Based on the record presented, the District XA Ethics Committee (DEC) found sufficient evidence to support the charged ethical violations with the exception of the charges asserting violation of *RPC* 4.2, which were dismissed after the OAE abandoned the charges in its summation before the DEC. Of particular significance was the DEC's finding and conclusion that respondent was guilty of violating *RPC* 1.2(f) by assisting Salkind in preparing closing documents "he knew were prohibited by law" and further finding that respondent violated *RPC* 1.2(e) by not advising Salkind of the "relevant limitations on his conduct, knowing that Salkind expected assistance not permitted by the *RPCs* or other law." The DEC further found that respondent failed to withdraw from representation, in violation of *RPC* 1.16(a), and that his conduct was generally deceitful and a violation of *RPC* 8.4(c). The DEC having recommended a censure for respondent's conduct in violation of the *RPCs*.

The Disciplinary Review Board (DRB) having concluded after its de novo review of the record pursuant to *Rule* 1:20–15(f) that the findings did not clearly and convincingly establish ethical

violations, determined that respondent's conduct was not fraudulent or deceitful and, at worst, constituted a breach of contract. The DRB therefore dismissed the complaint in its entirety (DRB 10–413).

This Court determined on its own motion, pursuant to *Rule* 1:20–16(b), to review the matter and issued an Order requiring respondent to show cause why he should not be disbarred or otherwise disciplined. After hearing the matter, the Court determined to accept the facts as found, but disagreed with the DRB as to whether respondent's conduct constituted unethical behavior subject to discipline.

The Court finds that *N.J.A.C.* 5:26–4.2(a) details the contents of a PREDFDA public offering statement and subpart 19 specifically requires that public offering statement to contain "a statement of all existing or proposed special taxes or assessment of record and who shall be responsible for payment thereof." *N.J.S.A.* 46:15–7(a) and (b) otherwise make the grantor the responsible party to pay any additional fee at the time of recording, which affixes liability for payment, *see Soldoveri v. Dir., Div. of Taxation*, 3 *N.J.Tax* 392, 397 (1981), and do not authorize the amendment to the fee distribution specified in the public offering statement approved for PREDFDA closings.

The Court concludes that respondent's participation in Fox Hills' forced shifting of the RTF obligation from the seller to the buyer involved the preparation of a written instrument containing terms that he knew were expressly prohibited by law. His conduct thus violated the PREDFDA regulation's prohibition of alteration to the prior approved public statement's detailing of fees chargeable to buyer, *see N.J.A.C.* 5:26–4.2(a)(19) and –4.5, in violation therefore of *RPC* 1.2(d) and (e) (now *RPC* 1.4(d)).

For good cause appearing;

It is ORDERED that Peter Rosen be reprimanded; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20-17.