**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0053-18T4

EGG HARBOR ASSOCIATES,
LLC,

     Plaintiff-Appellant,

v.

VILLAGE SUPERMARKETS,
INC., WILLIAM SUMAS, R.S.
GASIOROWSKI, ESQ., and
GASIOROWSKI & HOLOBINKO,
PC,

     Defendants-Respondents.

_____

Submitted October 22, 2019 – Decided January 13, 2020

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0438-18.

Kaplin Stewart Meloff Reiter & Stein PC, attorneys for appellant (Daniel R. Utain and Marc B. Kaplin, of the Pennsylvania bar, admitted pro hac vice, on the briefs).

Lowenstein Sandler LLP, attorneys for respondent Village Supermarket, Inc. (Christopher S. Porrino and Peter Matthew Slocum, on the brief).

Arseneault & Fassett LLP, attorneys for respondent William Sumas (David W. Fassett, on the brief).

Schenck Price Smith & King, LLP, attorneys for respondents R.S. Gasiorowski, Esq., and Gasiorowski & Holobinko, PC (Jeffrey T. La Rosa and Thomas N. Gamarello, on the brief).

PER CURIAM

Plaintiff Egg Harbor Associates, LLC appeals a Law Division order dismissing its complaint as time-barred and denying its cross-motion for leave to amend its complaint. Having reviewed the record in view of the governing legal principles, we affirm.

We review a trial court's dismissal of a complaint on statute of limitations grounds de novo, see Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016), applying the same standard under Rule 4:6-2(e) that governed the motion court. Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014); CKC Condo. v. Summit Bank, 335 N.J. Super. 385, 387 n.1 (App. Div. 2000) ("[W]here the relevant facts are not in dispute . . . a statute of limitations defense is sufficiently akin to failure to state a claim as to permit its disposition by way of a motion under R. 4:6-2(e).").

I.

The material facts are not in dispute and are set forth at length in the judge's written decision that accompanied her order. In summary, in 2011, plaintiff obtained approval to develop a commercial shopping center including a Wal-Mart Supercenter, on a thirty-five-acre tract of land in Egg Harbor Township. Defendant Village Supermarkets, Inc. – a member of Wakefern Food Corp., which owns ShopRite supermarkets – opposed plaintiff's application before the Township planning board and subsequently filed three separate prerogative writs actions that impacted plaintiff's application. The first two actions, filed against the Township and the Township Committee,[1] challenged the municipal ordinances related to the proposed redevelopment. Plaintiff intervened in both actions. Village's third action, filed against the Township planning board and plaintiff, challenged the planning board's approval of plaintiff's application.

Notably, in its answers to the second and third actions, plaintiff asserted as an affirmative defense that Village's complaint was "frivolous as a matter of law" and filed "for an improper purpose so as to inhibit, thwart and prohibit competition." After consolidating the actions, the Law Division judge upheld

---

[1] Improperly pled as The Township Council of the Township of Egg Harbor.

the ordinance challenged in the first action and the board's decision in the third action, but held that the ordinances challenged in the second action could not be applied retroactively to pending applications. Village appealed; Egg Harbor Associates cross-appealed; we affirmed, Vill. Supermarkets, Inc. v. Twp. of Egg Harbor, No. A-5370-12 (App. Div. April 8, 2015); and the Supreme Court denied certification, 223 N.J. 354 (2015).

In February 2018, plaintiff filed a three-count complaint – alleging abuse of process, tortious interference with prospective business contracts, and civil conspiracy – against defendants: Village; its chair of the board of directors, William Sumas; their attorney R.S. Gasiorowski, Esq., and his firm Gasiorowski & Holobinko, P.C. In essence, plaintiff claimed defendants "engaged in a business strategy" designed to interfere with the development of ShopRite's competitor supermarkets by "filing repetitive, baseless objections before land use boards . . . and appeals from development approvals for competing supermarkets . . . ." Plaintiff claimed defendants' "sham litigation" impeded plaintiff's redevelopment plan.

Defendants moved to dismiss plaintiff's complaint under Rule 4:6-2(e), arguing plaintiff's SLAPP[2] complaint was a "sham." Pertinent to this appeal, defendants claimed plaintiff's causes of action were barred by the applicable six-year statute of limitations.[3] Plaintiff cross-moved to amend its complaint to substitute Wakefern as a defendant for the previously pled fictitious "ABC Corporation." The judge dismissed plaintiff's complaint as time-barred, and denied plaintiff's application for leave to amend its complaint as futile, reasoning plaintiff's claims against Wakefern were also barred by the governing statute of limitations.

Regarding plaintiff's tortious interference claim, the judge noted Village filed its prerogative writs actions in 2011, more than six years before plaintiff filed its complaint in 2018. The judge was unpersuaded by plaintiff's argument

---

[2] Strategic Lawsuit Against Public Participation. See LoBiondo v. Schwartz, 323 N.J. Super. 391, 418-20 (App. Div. 1999) (explaining SLAPP suits originally were "commenced by commercial interests for the purpose of intimidating ordinary citizens who exercise their constitutionally protected right to speak out . . . . [such as] litigation . . . brought against persons opposing land use applications").

[3] Plaintiff did not dispute the six-year statute of limitations applied to each of its tort claims. See N.J.S.A. 2A:14-1; see also Earl v. Winne, 14 N.J. 119, 132 (1953) (stating malicious abuse of process claims governed by six-year statute of limitations); Fraser v. Bovino, 317 N.J. Super. 23, 34 (App. Div. 1998), (recognizing tortious interference claims must be filed within six years of accrual).

A-0053-18T4

that it had no legal remedy for defendants' tortious conduct until the Supreme

Court denied defendants' petition for certification. The judge elaborated:

> Plaintiff was certainly aware of the circumstances that gave rise to its asserted cause of action well before the consolidated action was finally determined in October 2015 [when the Supreme Court denied certification]. When [p]laintiff moved to intervene in the second challenge in October 2011, it asserted Village brought frivolous complaints for an improper purpose so as to inhibit, thwart and prohibit competition. As the Appellate Division held in <u>Fraser</u>, if [p]laintiff believed that the consolidated action was actionable at inception, [p]laintiff had six years from the date of filing to make its own affirmative claims. Because [p]laintiff failed to do so here, its claims for tortious interference must be dismissed as untimely.

The motion judge determined plaintiff's abuse of process claims was

"equally untimely," finding:

> According to [p]laintiff's [c]omplaint, Village had an ulterior motive in initiating the legal process. Village allegedly abused process by instituting the underlying legal challenges and continuing to maintain them throughout trial and on appeal, all with the improper purpose of restricting competition. Plaintiff has always alleged Village's ulterior motive for filing the three complaints was to restrict competition. Any such alleged ulterior motive was immediately known to [p]laintiff upon Village's filing, as demonstrated in October 2011 when [p]laintiff filed to intervene. Thus, even if the filing of the consolidated action could constitute the "process" that was allegedly abused, [p]laintiff's cause of action for abuse of process accrued

upon Village's filing of those complaints, which was well outside the limitations period.

Recognizing a civil conspiracy claim must be "based upon some predicate tort," the judge dismissed plaintiff's remaining count. In light of that holding, the judge declined to address the remaining arguments raised by defendants. This appeal followed.

On appeal, plaintiff raises the following points for our consideration:

> A. THE LOWER COURT'S CONCLUSION THAT [PLAINTIFF]'S CAUSES OF ACTION ACCRUED WHEN THE [PREROGATIVE WRITS] LAWSUITS WERE INITIALLY FILED AND DID NOT ASSERT A CONTINUING TORT IS ERRONEOUS.
>
> B. THE LOWER COURT ERRONEOUSLY CONCLUDED THAT THE STATUTE OF LIMITATIONS COMMENCED IN OCTOBER OF 2011.
>
> 1. [Plaintiff] Had No Remedy in October of 2011 for the Underlying Claims for the Use of Sham Litigation Filed for Improper Purposes.
>
> 2. [Plaintiff]'s Malicious Abuse of Process Claim Did Not Become Ripe Until the Merits of the Underlying Land-Use Appeal Was Fully Litigated and Finally Determined.
>
> C. THE LOWER COURT'S RELIANCE ON FRASER WAS MISPLACED.
>
> D. THE STATUTE OF LIMITATIONS SHOULD HAVE BEEN EQUITABLY TOLLED.

7

(Not [raised below])

E.   THE   COURT   IMPROPERLY   DENIED [PLAINTIFF]'S MOTION FOR LEAVE TO AMEND.

## II.

We have considered plaintiff's arguments in light of the record and applicable legal principles, and conclude the arguments raised in points B (2) and E are without sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).  We affirm substantially for the reasons expressed by the motion judge in her cogent written decision.  We briefly address the arguments raised by plaintiff in points A, B (1), C and D.

## Point A

Plaintiff contends the motion judge ignored its argument that defendant's "grand pattern of petitioning activity" constituted a continuing tort, tolling the statutes of limitations.  A continuing tort by its nature "involves repeated conduct" and occurs over a period of time; it cannot be distilled to one discrete act giving rise to the cause of action.  Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 19 (2002).  The continuing tort doctrine has been applied in limited cases, such as a continuing nuisance allegation, see Lyons v. Twp. of Wayne, 185 N.J. 426, 433-34 (2005), or a workplace discrimination claim, see Wilson v. Wal-Mart Stores, 158 N.J. 263, 273 (1999).

A-0053-18T4

Plaintiff's tortious interference and abuse of process claims fall outside the scope of the narrowly delineated contexts in which the continuing tort doctrine has been recognized. Indeed, instituting civil lawsuits is fundamentally different from creating a hostile work environment or permitting a continuing nuisance. In those actions, the continuous nature of the conduct gives rise to the plaintiff's claim. Conversely, the discrete act of filing a frivolous lawsuit is immediately actionable especially where, as here, plaintiff twice asserted as an affirmative defense that Village's complaint was "frivolous" and filed "to inhibit, thwart and prohibit competition." Accordingly, when plaintiff intervened in the underlying actions, asserting Village had improper motives in bringing the lawsuits, plaintiff "knew or should have known [the conduct] was actionable." Roa v. Roa, 200 N.J. 555, 569 (2010).

## Points B (1) and C

In overlapping arguments, plaintiff contends the statutes of limitations did not accrue until 2017 when we decided Main Street at Woolwich, LLC v. Ammons Supermarket, Inc., 451 N.J. Super. 135 (App. Div. 2017), and therefore the motion judge's reliance on Fraser was misplaced because there was no legal remedy for defendants' tortious conduct when Village's prerogative writs actions were filed. We disagree.

9

In Fraser, we adopted the test employed by the United States Supreme Court to determine "whether the conduct at issue constitutes a mere sham, thus subjecting the actor to the potential of tort liability . . . ." 317 N.J. Super. at 38. We held an alleged sham lawsuit "must be objectively baseless in the sense that no reasonable litigant . . . could conclude that the suit is reasonably calculated to elicit a favorable outcome." Id. at 38-39 (quoting Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60-61 (1993)).

In Ammons, we further refined the test for assessing the viability of sham litigation where there are a series of petitions filed, adopting the more subjective standard utilized by the United States Third Circuit Court of Appeals: "whether a series of petitions were filed with or without regard to merit and for the purpose of using the governmental process (as opposed to the outcome of that process) to harm a market rival and restrain trade." 451 N.J. Super. at 140-41, 147 (quoting Hanover 3201 Realty, LLC v. Village Supermarkets, Inc., 806 F.3d 162, 180-81 (3d Cir. 2015)). Contrary to plaintiff's assertion, Ammons was not "the first New Jersey state [decision] to grant landowners a legal tort remedy against parties that used sham litigation for anti-competitive purposes . . . ." In Ammons we simply reexamined an already-existing body of law regarding the

showing a plaintiff must make in order to rebut a defendant's assertion of <u>Noerr-Pennington</u>[4] immunity.

Our decision in <u>Ammons</u> has no bearing upon the accrual of plaintiff's claims. <u>See</u> <u>Tevis v. Tevis</u>, 79 N.J. 422, 429-30 (1979) (rejecting plaintiff's post-divorce contention that the interspousal immunity doctrine – which was abrogated after she was allegedly beaten by her then husband – prevented her cause of action from accruing when the incident occurred). Even if <u>Ammons</u> can be construed as enunciating a new rule of law, we discern no basis to apply that law retroactively to toll the applicable statutes of limitations here. <u>See</u> <u>Mirza v. Filmore Corp.</u>, 92 N.J. 390, 400 (1983) (holding the sidewalk liability standards under review should be applied "to pending litigation and to actions that have not been instituted and are not barred by the statute of limitations"); <u>see also</u> <u>Williams v. Bell Tel. Labs., Inc.</u>, 132 N.J. 109, 122 (1993) ("In civil cases the general rule is that a new ruling shall apply to all cases that have not reached final judgment."). As plaintiff's merits brief states, our courts have stayed or dismissed proceedings without prejudice pending appellate review of

---

[4] <u>See</u> <u>United Mine Workers of America v. Pennington</u>, 381 U.S. 657 (1965); <u>Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.</u>, 365 U.S. 127 (1961). The <u>Noerr-Pennington</u> doctrine generally provides immunity for complainants "who petition the government for redress . . . unless the action is objectively baseless." <u>Ammons</u>, 451 N.J. Super. at 140 n.1.

11

issues that pertain to identical issues. But, plaintiff failed to preserve its claims, even though in 2011 it asserted affirmative defenses to Village's prerogative writs actions, claiming that litigation was "frivolous" and intended to thwart its competition.

## Point D

Little needs to be said about plaintiff's newly-minted, equitable-tolling argument. Plaintiff urges its cause of action did not accrue until we decided Ammons in 2017 and, as such, it was "prejudiced" by "prudently wait[ing]" until it was certain its claims against defendant were viable.

Plaintiff's claim is not preserved by the principle of equitable tolling. For a claim to be saved under this equitable principle, a plaintiff must diligently pursue its claim. Villalobos v. Fava, 342 N.J. Super. 38, 52 (App. Div. 2001). The equitable doctrine "has been applied only in narrowly-defined circumstances," R.A.C. v. P.J.S., Jr., 192 N.J. 81, 100 (2007) where: an adversary has tricked or induced a plaintiff to allow the filing deadline to pass; in some extraordinary way, the complainant has been kept from asserting his rights; a plaintiff timely asserts its rights, but does so mistakenly by defective pleading or in the wrong forum. Freeman v. State, 347 N.J. Super. 11, 31 (App. Div. 2002). Because defendants did not engage in any "inequitable conduct"

12

that caused "plaintiff to withhold filing a complaint until after the statute[s] ha[d] run," Trinity Church v. Atkin Olshin Lawson-Bell, 394 N.J. Super. 159, 171 (App. Div. 2007), the doctrine cannot revive plaintiff's causes of action here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0053-18T4